Lloyd Gregory COLEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 68604.

Court of Criminal Appeals of Texas, Panel No. 2.

May 19, 1982.

Louis Dugas, Jr., Orange, for appellant.

James S. McGrath, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and W. C. DAVIS and TEAGUE, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction of the misdemeanor offense of driving while intoxicated. See Article 6701*l*–1, Vernon's Ann.Civ.St. Punishment was assessed by the trial court at confinement in the county jail for 70 days and a fine of $50.00. The sufficiency of the evidence is not challenged.

The record reflects that on September 12, 1979, appellant waived trial by jury and entered a plea of guilty before the court. The trial court heard evidence and found that it substantiated appellant's guilt. The trial court, however, finding that the best interests of society and the appellant would be served by deferring further proceedings without entering an adjudication of guilt, placed the appellant on probation for one year pursuant to the provisions of Art. 42.-13, Sec. 3d(a) Vernon's Ann.C.C.P.

■ In ground of error one, the appellant maintains he was denied due process of law as the hearing to revoke his probation was held after his term of probation had expired.

The record reveals that on September 12, 1979, the appellant was placed on probation for a period of one year after the trial court deferred further proceedings without entering an adjudication of guilt. Subsequently, on May 15, 1980, the State filed a motion to revoke probation. On February 20, 1981, after the term of probation had ended, the court: heard evidence on the motion; found the allegations were true; determined that guilt should be adjudicated; and found appellant guilty.

The appellant argues that because the record is silent as to the issuance of a capias during the term of probation or the setting of a hearing, the trial court had no authority to revoke his probation after his term of probation expired. See *Lynch v. State*, 502 S.W.2d 740 (Tex.Cr.App.1973).

After appellant's brief was filed in the instant case, the State was granted its motion to supplement the record. See Article 40.09, subd. 7, Vernon's Ann.C.C.P.; *Schroeder v. State*, 543 S.W.2d 382 (Tex.Cr.App. 1976). A review of the record, as supplemented, reveals a capias was issued on May 15, 1980, the same day the motion to revoke was filed. Additionally, the supplemented record contains a bail bond posted by the appellant on May 20, 1980, the day the said capias was executed upon the appellant.

The motion to revoke was filed and the capias thereon issued prior to the expiration of the probation period; therefore, the trial court had jurisdiction to hear the motion and revoke the probation, although the period of probation had expired before the hearing. See *Strickland v. State*, 523 S.W.2d 250 (Tex.Cr.App.1975); *Coffey v. State*, 500 S.W.2d 515 (Tex.Cr.App.1973).

■ The appellant also asserts in the same ground of error there was an undue delay in holding a hearing on the motion to revoke. Although this argument makes this ground of error multifarious, we have reviewed the record and found that appellant did not assert his right to a speedy hearing and has not shown prejudice by the delay. Considering the balancing test of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1971), we conclude that appellant was not denied his right to a speedy revocation hearing. See *Champion v. State*, 590 S.W.2d 495 (Tex.Cr.App.1979); *Hernandez v. State*, 556 S.W.2d 337 (Tex. Cr.App.1977). We further point out that the proper remedy upon failure to hold a hearing within twenty days after a motion requesting hearing: (see Art. 42.12, Sec. 8(a) V.A.C.C.P.) writ of habeas corpus does not apply to the instant case as this appellant was released on bail subsequent to the filing of the order revoking probation. Compare *Roberts v. State*, 627 S.W.2d 183 (Tex.Cr.App.1982) and *Aguilar v. State*, 621 S.W.2d 781 (Tex.Cr.App.1981). This ground of error is overruled.

■ Ground of error two contends the trial court committed reversible error in assessing a fine when placing appellant on deferred adjudication. Appellant asserts that punishment under Article 6701*l*—1, Vernon's Ann.Civ.St. is to be both a fine *and* imprisonment. The appellant further argues that by fining the appellant, the court assessed punishment and such action was void because it was in violation of Article 42.13, Sec. 3d(b) which provides that assessment of punishment will occur after an adjudication of guilt. We do not agree with appellant's contention. Sec. 3d(a) of Article 42.13, Vernon's Ann.C.C.P. provides in pertinent part:

"When in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or a plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt and place the defendant on probation for a period as the court may prescribe, not to exceed the maximum period of imprisonment prescribed for the offense for which the defendant is charged. *The court may impose a fine applicable to the offense and require any reasonable terms and conditions of probation, including any of the conditions enumerated in Sections 6, 6a, and 6c of this Article.*" (Emphasis added)

This preceding section specifically provides that the trial court may impose a fine and require any reasonable terms and conditions of probation. We, therefore, overrule this ground of error.

Ground of error three asserts that Article 42.13, Sec. 3d(a) and (b), supra, is unconstitutionally vague. The appellant points out that the term "probation" is defined in Article 42.13, Sec. 2(4), supra, as follows:

" 'Probation' shall mean the release of a convicted defendant by a court under conditions imposed by the court for a specified period during which the imposition of sentence is suspended."

The appellant argues that by using the term "probation" the statute is in conflict with itself because a person placed on deferred adjudication has not been convicted.

■ The standard for determining whether a statute is void for vagueness is whether "it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute," *Papachristou v. Jacksonville,* 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *Bates v. State,* 587 S.W.2d 121 (Tex.Cr.App. 1979); *McMorris v. State,* 516 S.W.2d 927 (Tex.Cr.App.1974), or is so indefinite that "it encourages arbitrary and erratic arrests and convictions." *Papachristou v. Jacksonville,* supra. This is especially true where the uncertainty induced by the statute threatens to inhibit the exercise of constitutionally protected rights. See *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).

■ In the instant case, the challenged statute does not address forbidden conduct; on the contrary, it deals with punishment after a defendant has entered a plea of guilty or nolo contendere. Further, the ambiguity the appellant asserts does not threaten to inhibit the exercise of any constitutionally protected rights. Section 3d(a) of Article 42.13, Vernon's Ann.C.C.P. provides that the defendant may request final adjudication within 30 days after entering a plea of guilty or nolo contendere, upon which the court shall proceed to final adjudication as in all other cases. Cf. *Hardy v. State,* 610 S.W.2d 511 (Tex.Cr.App.1981).

Finally, we point out the definition of "probation" found in Section 2 of Article 42.13, Vernon's Ann.C.C.P. is preceded by the following limitation:

> "*Unless the context otherwise requires,* the following definitions shall apply ..." (Emphasis added)

It is apparent that the use of the term "probation" in the context of Section 3d(a), Article 42.13, supra, requires another meaning than that set forth in Section 2(4) and, therefore, the definition of "probation" was not intended to be the exclusive definition of probation throughout the act. Cf. *McNew v. State,* 608 S.W.2d 166 (Tex.Cr. App.1978).[1] A reading of Section 3d(a), Article 42.13, supra, does not induce any uncertainty regarding the application of deferred adjudication. We overrule this ground of error.

■ The appellant filed a supplemental brief. However, upon review, we find the supplemental brief does not comport with the requirements of Article 40.09, Vernon's Ann.C.C.P., as appellant raises a new ground of error, not raised in the original brief. This ground of error is, therefore, not properly before us for review. See *Kalmbach v. State,* 481 S.W.2d 151 (Tex.Cr. App.1972).

The judgment is affirmed.

---

1. In *McNew v. State,* supra, the defendant argued that Section 3d of Article 42.12, Vernon's Ann.C.C.P. (felony deferred adjudication) was unconstitutional because it empowered trial judges to place defendants on probation before they have been convicted while Article 4, Section 11–A of the Texas Constitution does not allow a defendant to be granted probation until after he has been convicted.

We, however, found the definition of "probation" as used in Article 42.12, Section 2(b), supra, cannot be reconciled with the context in which the term "probation" is used in Article 42.12, Section 3d(a), supra. We found that "probation" as used in Article 42.12, Section 3d(a), supra, is not the equivalent of "probation", as defined by Article 42.12, Section 2(b), supra. Therefore, we held since the procedure designated as "probation" in Article 42.12, Section 3d, supra, is not the equivalent of "probation" used in Article 42.12, Section 2(b), supra, or Article 4, Section 11–A of the Constitution, such probation may ·be granted without any violation of the Constitution.