Randy PRIOR, Appellant,

v.

The STATE of Texas, Appellee.

No. 0907–89.

Court of Criminal Appeals of Texas,
En Banc.

June 6, 1990.

Warren Burnett and Nancy Barbour, Odessa, for appellant.

Gary P. Garrison, Dist. Atty., Michael T. Griffin, Asst. Dist. Atty., Odessa, and Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was indicted on January 11, 1982, for the then third-degree felony offense of delivery of more than one-fourth ounce of marijuana. See Art. 4476–15, § 4.05 of the Texas Controlled Substances Act.[1] Upon appellant's plea of guilty, the trial court deferred further proceedings in the cause, without entering an adjudication of guilt, and entered an order on April 23, 1982, placing appellant on deferred adjudication probation for five years, pursuant to Art. 42.12, § 3d(a), V.A.C.C.P.[2] On August

---

1. The Controlled Substances Act is now listed under the Health and Safety Code, Chapter 481. See V.T.C.A. Health and Safety Code, § 481.120.

2. Article 42.12 has since been amended and renumbered so that, for purposes of this particu-

lar case, Art. 42.12, § 3d is now § 5; § 7 is now § 23; and § 8 is now § 24.

4, 1988, well after the probationary period had expired, the trial court proceeded to an adjudication of guilt and sentenced appellant to a term of five years in the Texas Department of Corrections.[3]

On appeal, the El Paso Court of Appeals ruled in an unpublished opinion that the trial court had jurisdiction to enter an adjudication of guilt after the period of deferred adjudication had expired and affirmed appellant's conviction. *Prior v. State*, No. 08–88–00255–CR (Tex.App.—El Paso, May 3, 1989). We granted appellant's petition for discretionary review to examine his contention that this ruling was erroneous. We will affirm.

A review of the record reveals that after appellant was put on five-years' deferred adjudication probation on April 23, 1982, the State filed a "Motion for Warrant and to Adjudicate Guilt" in the cause on June 9, 1982, alleging that appellant had violated the terms of his probation. See Art. 42.12, § 3d(b), *supra*. On June 10, 1982, a warrant for appellant's arrest was issued. On July 10, 1988, approximately six years later and over one year after appellant's period of probation had expired, the warrant was executed by the arrest of appellant in Manchester, New Hampshire. Following a hearing, the trial court entered an order adjudicating appellant guilty of the original offense and imposed the five-year sentence on August 4, 1988.

In his appeal to the court of appeals, appellant raised two points of error, to-wit: that the trial court lacked jurisdiction to revoke probation because it occurred after appellant's probationary term expired; and that a judgment of acquittal should be entered because the State failed to show diligence in obtaining an adjudication of appellant's guilt during the period of deferred adjudication. The court of appeals overruled both points, stating:

> We disagree [with appellant's contentions] because a proper motion to revoke probation and the warrant had issued before the end of the probationary period. *Roberson v. State*, 688 S.W.2d 657 (Tex.App.—Eastland 1985, no writ); *Strickland v. State*, 523 S.W.2d 250 (Tex.Crim.App.1975). Evidence at the revocation hearing was that the Appellant had never reported to his probation officer and had not obtained permission to leave the county. He was arrested on the warrant in New Hampshire. There was sufficient evidence to justify finding that the Appellant had fled the State of Texas and no showing of lack of diligence on the State's part to try to find him.
>
> Appellant also relies on Tex.Code Crim.Pro.Ann. art. 42.12, sec. 3d(c) (Vernon Supp.1989), contending that the court was required to dismiss and discharge the Appellant since his probationary term had expired with no adjudication of guilt. However, we find that Tex.Code Crim.Pro.Ann. art. 42.12, sec. 3d(b) is applicable and not Section 3d(c) because the motion to adjudicate guilt and the arrest warrant were timely issued. There was also no showing that there was any lack of diligence on the part of the State.

*Prior*, slip op., at p. 2.

In his petition for discretionary review, appellant challenges the correctness of the court of appeals' decision on two grounds. First, appellant contends that the court of appeals erred in affirming the judgment of the trial court because appellant's deferred adjudication period had expired prior to an entry of a "guilty" judgment. In his second ground for review, appellant claims that the court of appeals erred in holding that the filing of a motion to adjudicate guilt and issuance of a capias prior to the expiration of the deferral period was sufficient to show due diligence in attempting to apprehend appellant even though the State offered no evidence of any efforts to apprehend appellant save the issuance of the arrest warrant. We will address appellant's contentions in order.

---

**3.** The Texas Department of Corrections is now the Texas Department of Criminal Justice, Institutional Division.

In support of his first ground for review, appellant argues that the plain language of Art. 42.12, § 3d(c) mandates a dismissal of the charges against a deferred adjudication probationer upon the expiration of the deferral period if the trial court has not proceeded to an adjudication of guilt at that time. Article 42.12, § 3d(c) states in pertinent part:

(c) On expiration of a probationary period imposed under Subsection (a) of this section, if the court has not proceeded to adjudication of guilt, the court shall dismiss the proceedings against the defendant and discharge him.

In response, the State contends that because a deferred adjudication probationer may be arrested and detained upon an allegation that he has violated the terms of his probation, Art. 42.12, § 3d(b), the sole reason for the dismissal of a deferred probationer is not the expiration of the probationary period alone, and that where a motion alleging such a violation and an arrest warrant are filed prior to the expiration of the probationary period, revocation and adjudication are proper upon a hearing, even after the expiration of the period. Article 42.12, § 3d(b) provides:

(b) On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 8 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may by taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

In further support of its position, the State places primary reliance on *Coleman v. State*, 632 S.W.2d 616 (Tex.Crim.App. 1982), wherein we held that where a motion to revoke deferred adjudication probation was filed and a capias had issued thereon prior to the expiration of the probationary period, the trial court had jurisdiction to

hear the motion, revoke the probation and enter an adjudication of guilt even though the period of probation had expired before the hearing. *Coleman*, 632 S.W.2d at 618. See also *Garza v. State*, 725 S.W.2d 256 (Tex.Cr.App.1987). However, the cases relied upon in *Coleman* involved "regular" probation, that is, probation of a sentence after a conviction, pursuant to the provisions found in Art. 42.12, § 7, *supra*. See *Strickland v. State*, 523 S.W.2d 250 (Tex. Cr.App.1975); *Coffey v. State*, 500 S.W.2d 515 (Tex.Cr.App.1973). Although we agree with the holding in *Coleman*, 632 S.W.2d 618, we believe the application of a rule regarding "regular" probation to "diversionary" probation merits more explanation than found in that opinion.

This Court has recognized that an accused whose guilt has yet to be adjudicated and who is placed on "diversionary" probation under Art. 42.12, § 3d(a), *supra*, does not attain the identical status of one who has been found guilty and placed on "regular probation" after punishment is assessed but then suspended. *Garza*, 725 S.W.2d at 258, note 2; *McNew v. State*, 608 S.W.2d 166, 174 (Tex.Cr.App.1980) (Opinion on Appellant's Motion for Rehearing). For example, as we stated earlier, Art. 42.12, § 3d(c), *supra*, provides that once the probationary period has expired for a deferred adjudication probationer, if the trial court has not proceeded to an adjudication of guilt, the court shall dismiss the proceedings against the probationer and discharge him. By contrast, Art. 42.12, § 7, *supra*, provides that for a non-deferred adjudication or "regular" probationer,

[u]pon the satisfactory fulfillment of the conditions of probation, and the expiration of the period of probation, the court, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the probation period and shall discharge the [probationer].

Therefore, whereas a "regular" probationer will be discharged upon the satisfactory fulfillment of his probation conditions *and* the expiration of the period of probation, see *Ex parte Fennell*, 162 Tex.Crim. 286,

284 S.W.2d 727 (1955), reh'g. denied, a deferred adjudication probationer shall be dismissed upon expiration of the probationary period, as long as the court has not proceeded to an adjudication of guilt. Art. 42.12, § 3d(c), *supra.*

■ These differences aside, the provisions for both deferred adjudication[4] and regular probation refer to Art. 42.12, § 8, *supra,* for the appropriate procedures to follow upon an allegation that the probationer has violated the terms of probation. That section provides in part:

(a) At any time during the period of probation the court may issue a warrant for violation of any of the conditions of the probation and cause the defendant to be arrested. Any probation officer, police officer or other officer with power of arrest may arrest such defendant without a warrant upon the order of the judge of such court to be noted on the docket of the court. A probationer so arrested may be detained in the county jail or other appropriate place of detention until he can be taken before the court. Such officer shall forthwith report such arrest and detention to such court. If the defendant has not been released on bail, on motion by the defendant the court shall cause the defendant to be brought before it for a hearing within 20 days of filing of said motion, and after a hearing without a jury, may either continue, modify, or revoke the probation....

Art. 42.12, § 8, *supra.* This section was a recodification of Section 5 of Article 781b of the 1925 Code of Criminal Procedure, which article was the Adult Probation and Parole Law and the predecessor to the present Article 42.12 of the 1965 Code of Criminal Procedure. Article 781b, § 5 was worded as follows:

At any time during the period of probation such courts may issue a warrant for violation of any of the conditions of the probations and cause the defendant to be arrested. Any probation and parole officer, police officer or other officer with power of arrest may arrest such defendant without a warrant upon the request of the judge of such courts. A probationer so arrested may be detained in the county jail or other appropriate place of detention until he can be taken before the court. Such probation and parole officer shall forthwith report such arrest and detention to such courts and submit in writing a report showing in what manner the probationer has violated his probation. Thereupon, the court shall cause the defendant to be brought before it and, after a hearing without a jury, may continue or revoke the probation and shall in such case proceed to deal with the case as if there had been no probation.

In *Fennell,* 284 S.W.2d 727, this Court first interpreted Art. 781b, § 5 to mean that jurisdiction to revoke probation is preserved where a motion to revoke is filed and a warrant is issued by the trial court before the probationary term expires. In *Fennell,* the appellant violated the terms of his probation, a motion to revoke was filed, and a warrant for his arrest was issued, all prior to the expiration of his probationary term. A hearing on the motion, however, was not held until after the term had ended. Probation was then revoked, and the appellant was then sentenced to serve time in the penitentiary. Upholding the appellant's conviction, this Court stated:

The Supreme Court of South Carolina, construing a similar statute, in *Lovell v. State,* 223 S.C. 112, 74 S.E.2d 570, 572, made the following observations, which appear to us to be sound:

There is nothing in our statute expressly requiring that the order of revocation be made within the probationary period. It is only provided that during this period the warrant shall be issued, which *is the pertinent jurisdictional fact.* * * * It is not reasonable to suppose that the General Assembly intended in every case, regardless of the circumstances, that the warrant must be executed, a hearing had and the order of revocation issued within the probationary period. Such

---

**4.** See Article 42.12, § 3d(b), *supra,* which is quoted on p. 181, *infra.*

a construction would enable one who has violated the terms of his probation to avoid the execution of his sentence by escaping from the custody of the probation officer and remaining in a foreign jurisdiction or in concealment until the period of probation has expired.

The Supreme Court of Florida, in *State ex rel. Lee v. Coker*, 80 So.2d 462, 463, held in a similar case as follows:

The contention is that when a charge of probation violation is lodged against one and warrant issued for his arrest prior to expiration of the term of probation as extended, the court has no jurisdiction to revoke the probation and sentence the probationer after the expiration of the term of probation as extended.

We do not think there is any merit to this contention. It is our view that when the affidavit is filed charging violation of the probation, the warrant is issued and the violator taken in custody within the period of probation, every ingredient of jurisdiction is preserved. It is not lost by delay in the hearing, revocation and sentence after the probation period has expired. The statute requires that the hearing be had 'as soon as may be practicable.' There is no showing that the hearing was unduly delayed.

It was in fact delayed only a few days, it was attacked collaterally and even though it could be said that jurisdiction was affected by delaying the hearing after the period of probation, petitioner wholly failed to carry the burden of showing it. There is nothing in the quoted statute requiring that the order of revocation be executed within the probation period. All that is required during said period is that the warrant be issued. This is the fact upon which jurisdiction is determined. The cases generally support this view. *Lovell v. State*, 223 S.C. 112, 74 S.E.2d 570; *People v. Hodges*, 231 Mich. 656, 204 N.W. 801; *United States ex rel. Tomasello v. Smith*, D.C., 50 F.Supp.

464; 49 C.J.S., Habeas Corpus, § 80, pp. 626–627.

*Fennell*, 284 S.W.2d at 728–729 (emphasis original).

In 1957, Art. 781b was repealed and Art. 781d enacted. See Acts 1957, 55th Leg., p. 466, ch. 226. Article 781d, § 8, however, tracked the language of former Art. 781b, § 5 almost verbatim, providing:

At any time during the period of probation the court may issue a warrant for violation of the conditions of probation and cause the defendant to be arrested. Any probation officer, police officer or other officer with power of arrest, may arrest such defendant without a warrant upon the request of the judge of said court. A probationer so arrested may be detained in the county jail or other appropriate place of detention until he can be taken before the court. Such officer shall forthwith report such arrest and detention to such court. Thereupon, the court shall cause the defendant to be brought before it and, after a hearing without a jury, may continue or revoke the probation and shall in such case proceed as if there had been no probation.

Art. 781d, § 8, Vernon's Ann.C.C.P.

In *Leija v. State*, 167 Tex.Crim. 300, 320 S.W.2d 3 (1958), this Court held that under Art. 781d, § 8, *supra*, jurisdiction to revoke probation extended beyond the expiration of the probationary period where a motion to revoke was filed and a capias issued before such expiration, citing *Fennell* as authority. *Leija*, 320 S.W.2d at 4. Moreover, in *Stover v. State*, 365 S.W.2d 808 (Tex.Crim.App.1963), this Court further held:

The mere fact that a motion has been filed during the probation term alleging a violation of the conditions of probation will not authorize revocation after such term has expired. Only the court's action authorizing the arrest of the probationer, followed by diligent effort to apprehend and hear and determine the claimed violation, can authorize revocation after the probation term has ended.

*Stover,* 365 S.W.2d at 809. See also *Ortega v. State,* 414 S.W.2d 465 (Tex.Crim.App. 1967), reh'g denied.

In 1965, Art. 42.12 replaced Art. 781d. Acts 1965, 59th Leg., p. 317, ch. 722. As noted earlier, Art. 42.12, § 8 contains the same wording as former Art. 781b, § 5 and also Art. 781d, § 8, with virtually no substantial change. See discussion, p. 182, *infra.* Consequently, in recent cases construing the authority to revoke probation after the probationary term has expired, this Court has consistently upheld the rule espoused in *Fennell,* 284 S.W.2d 727, and *Stover,* 365 S.W.2d 808, and held that where a probationer has allegedly violated the terms of probation imposed under Art. 42.12, § 7 and a motion to revoke containing such allegations is filed, the provisions of Art. 42.12, § 8 apply, and jurisdiction to revoke the probation is preserved when the motion is filed and the capias is issued prior to the expiration of the probationary period, followed by due diligence to apprehend the probationer and to hear and determine the contentions in the motion. See, e.g., *Zillender v. State,* 557 S.W.2d 515 (Tex. Crim.App.1977); *Guillot v. State,* 543 S.W.2d 650 (Tex.Crim.App.1976); *Strickland v. State,* 523 S.W.2d 250 (Tex.Crim. App.1975), reh'g denied; *Nicklas v. State,* 530 S.W.2d 537 (Tex.Crim.App.1975); *Standley v. State,* 517 S.W.2d 538 (Tex. Crim.App.1975); *Smith v. State,* 513 S.W.2d 81 (Tex.Crim.App.1974); *Coffey v. State,* 500 S.W.2d 515 (Tex.Crim.App.1973); *Lynch v. State,* 502 S.W.2d 740 (Tex.Crim. App.1973); *Bobo v. State,* 479 S.W.2d 947 (Tex.Crim.App.1972).

Although it was not until 1975 that the Legislature enacted the provisions within Art. 42.12 that apply to deferred adjudication, see Acts 1975, 64th Leg., p. 572, ch. 231, § 1, like the provisions of Art. 42.12, § 7, the provisions regarding deferred adjudication probation provide that upon an allegation that the probationer has violated the terms of his diversionary probation, the probationer may be arrested and detained pursuant to Art. 42.12, § 8. Art. 42.12, § 3d(b), *supra.* We see no reason to interpret Art. 42.12, § 8 any differently for deferred adjudication probation than for "regular" probation. In fact, in interpreting statutes, we are guided by the statutory construction aids provided by the Code Construction Act in the Government Code, wherein § 311.021(2) specifically instructs:

> In enacting a statute, it is presumed that: ... the entire statute is intended to be effective....

V.T.C.A., Government Code, § 311.021(2).

Therefore, we are compelled to apply the provisions of Art. 42.12, § 8 consistently with regard to both Art. 42.12, § 7 and Art. 42.12, § 3d. To do otherwise would render the jurisdictional implications of § 8 ineffective with regard to § 3d, even though the Legislature has specifically provided that § 8 applies to § 3d under the same circumstances as § 7, i.e., upon a violation of the probation conditions. Art. 42.12, §§ 3d(b) and 7, *supra.*

■ Therefore, with this background in mind, we hold that a trial court has jurisdiction to revoke deferred adjudication probation imposed pursuant to Art. 42.12, § 3d, *supra,* after the probationary term has expired, as long as both a motion alleging a violation of probationary terms is filed and a capias or arrest warrant is issued prior to the expiration of the term, followed by due diligence to apprehend the probationer and to hear and determine the allegations in the motion. In doing so, we expressly uphold our decision in *Coleman,* 632 S.W.2d 616, and overrule appellant's first ground for review.

■ In the present case, the State's "Motion for Warrant and to Adjudicate Guilt" was filed on June 9, 1982, and the ensuing arrest warrant issued on June 19, 1982, both prior to the expiration of the appellant's probationary period on April 23, 1987. Therefore, as long as the State exercised due diligence in apprehending appellant and in hearing and determining the alleged violations in the motion, jurisdiction to enter an adjudication of guilt after the expiration of his term was preserved. This requirement brings us to an examination of appellant's second ground for review.

As we stated earlier, appellant contends that the evidence adduced at his hearing on

whether to adjudicate guilt was insufficient to show that the State was diligent in attempting to apprehend him. The court of appeals found that because the evidence showed that appellant failed to report to his probation officer, had not obtained permission to leave the county, and was arrested in New Hampshire, there was no showing of any lack of diligence on the part of the State. Appellant maintains that because there was no evidence explaining the six-year delay between the time the warrant was issued and the time it was executed and no evidence that the State attempted to contact appellant by mail, phone, or at his home address, the State failed to prove due diligence.

The State counters that appellant failed to preserve this argument for review because he did not object at trial to a lack of due diligence, and that appellant's argument at trial centered on the expiration of the deferral period rather than the State's attempt to procure appellant. In support, the State cites *Hardman v. State*, 614 S.W.2d 123 (Tex.Crim.App.1981), reh'g. denied, wherein a regular probationer complained that the State failed to show a diligent effort to apprehend him after filing a motion to revoke probation which resulted in a revocation hearing held after the probationary term had expired. In that case, we held that the probationer had failed to preserve the alleged error because he did not raise his contention before or during the revocation hearing and further that such complaint could not be raised for the first time on appeal. *Hardman*, 614 S.W.2d at 127. Although *Hardman* involved "regular" probation pursuant to Art. 42.12, § 7, *supra,* for the reasons stated in the foregoing analysis of appellant's first ground for review, we find that this particular holding in *Hardman* applies to deferred adjudication probation as imposed under Art. 42.12, § 3d, *supra,* as well.

In the present case, the record shows that defense counsel never raised a complaint at trial that the State had failed to show a lack of diligence in apprehending appellant after the arrest warrant had issued. Therefore, we find that appellant has failed to preserve such a complaint for

review on appeal, and we will not address the contentions in his second ground for review. *Hardman*, 614 S.W.2d at 127. Consequently, appellant's second ground for review is overruled.

In view of the foregoing, the judgment of the court of appeals is accordingly affirmed.

CLINTON, J., concurs in the result.

TEAGUE, J., dissents.