Simmons v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-301-CR

Â Â Â Â Â Â Â Â ALBERT J. SIMMONS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â Â Â Â v.

Â Â Â Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # 28803
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Â Â Â Â Appellant, Albert James Simmons, pled guilty to the felony offense of possession of a
controlled substance, Tex. Health & Safety Code Ann. Â§ 481.115(a) (Vernon Supp. 1996), 
and was placed on two years' deferred adjudication. After the State filed a motion to revoke
Simmons' probation based on probation violations, the trial court held a revocation hearing and
sentenced Simmons to twelve years' incarceration for his original offense. Simmons raises one
point of error on appeal: the trial court erred in proceeding to adjudication of his conviction
because it lacked jurisdiction. However, because Simmons failed to preserve his complaint, we
overrule it and affirm the trial court's judgment.
Â Â Â Â Â Â Â Â Â Â Simmons contends that the trial court's failure to adjudicate his guilt on the original charge
of possession of a controlled substance prior to the expiration of his probationary period deprived
the trial court of its jurisdiction over him. Simmons relies on Article 42.12, Section 5(c), of the
Code of Criminal Procedure for this contention. Tex. Code Crim. Proc. Ann. art. 42.12, Â§ 5(c)
(Vernon Supp. 1996). In pertinent part, the section reads: "On expiration of a community
supervision period . . . , if the judge has not proceeded to adjudication of guilt, the judge shall
dismiss the proceedings against the defendant and discharge him." Id. In Prior v. State, the Court
of Criminal Appeals set forth the requirements of this section. 795 S.W.2d 179, 184 (Tex. Crim.
App. 1990). The Court held specifically that "a trial court has jurisdiction to revoke deferred
adjudication probation . . . after the probationary term has expired, as long as both a motion
alleging a violation of probationary terms is filed and a capias or arrest warrant is issued prior to
the expiration of the term, followed by due diligence to apprehend the probationer and to hear and
determine the allegations in the motion." Id. Simmons' probationary period expired on March
18, 1995. On March 10, 1995, eight days before Simmons' probationary term expired, the State
filed a motion alleging Simmons had violated his probation and a capias was issued for his arrest.
Â Â Â Â Â Â Â Â Â Â Simmons' argument, however, focuses on the due diligence requirement imposed by Prior. 
Id. Simmons maintains that because the trial court did not adjudicate his guilt until September 28,
1995, over six months after his probationary term expired, the State failed to satisfy the due
diligence requirement, resulting in the trial court's loss of jurisdiction over him. This Court has
held that lack of due diligence is not a jurisdictional issue. Burch v. State, 821 S.W.2d 385, 386-87 (Tex. App.âWaco 1991, no pet.). Therefore, because a motion to revoke Simmons' probation
had been filed and a capias issued for his arrest before the expiration of his probationary period,
the trial court had proper jurisdiction over Simmons' revocation hearing.
Â Â Â Â Â Â Â Â Â Â Lack of jurisdiction is considered a fundamental error which does not require preservation
for appeal. Stine v. State, 908 S.W.2d 429, 431 (Tex. Crim. App. 1995) (holding that lack of
jurisdiction is a fundamental error that is appealable at any time even if it is raised for the first
time on appeal). However, because we have determined that Simmons' complaint is not grounded
in a jurisdictional basis and was thus not a fundamental error, he was required to properly preserve
his complaint about due diligence at the trial level. Tex. R. App. P. 52(a).
Â Â Â Â Â Â Â Â Â Â Prior holds that a probationer, who fails to specifically raise the issue of lack of due
diligence by the State before or during his revocation hearing, waives his right to such complaint
because it cannot be raised for the first time on appeal. Prior, 795 S.W.2d at 185. In Prior, the
appellant sought to complain of the lack of due diligence in the State's apprehension of him after
the arrest warrant had been issued. Id. at 184-85. In the present case, Simmons seeks to complain
of the State's lack of due diligence in holding the revocation hearing after his arrest. The
requirement of preserving a complaint of lack of due diligence is the same in both instances. At
his revocation hearing, Simmons' only complaint was to the trial court's lack of jurisdiction to
revoke his probation and adjudicate his guilt on the original charge. No specific complaint as to
the State's lack of due diligence was made. Because the court had jurisdiction and Simmons did
not properly preserve his complaint, we overrule his point of error. Chambers v. State, 903
S.W.2d 21, 32 (Tex. Crim. App. 1995); Butler v. State, 872 S.W.2d 227, 236 (Tex. Crim. App.
1994), cert. denied, â U.S. â, 115 S.Ct. 1115 (1995); Fuller v. State, 827 S.W.2d 919, 920
(Tex. Crim. App. 1992) (complaint raised on appeal must comport with the objection made at
trial).
Â Â Â Â Â Â Â Â Â Â Â The judgment is affirmed. 
Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOBBY L. CUMMINGS 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Justice Cummings,
Â Â Â Â Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Â Â Â Â Justice McDonald (Retired) 
Affirmed
Opinion delivered and filed September 11, 1996
Do not publish 



rst issue, he contends that
the evidence that he possessed a firearm was legally insufficient.  We will overrule AppellantÂs issue.

Â Â Â Â Â  Appellant
points to evidence that he was not found at the scene of the offense; and was
not in possession of a firearm at the time of his arrest.Â  The offense took place in Mexia, Texas, on April 27, 2002, after which a warrant for AppellantÂs arrest
was issued; Appellant was arrested on the warrant on March 6.[1] Â The
victim testified that Appellant pulled a pistol out of his pants and beat him
with it.Â  Photographs and medical records
showed the victimÂs injuries, including fractures to the bones of his
face.Â  The radiologist and emergency room
doctor who treated the victim testified that his injuries were Âconsistent with
blows from a blunt object.ÂÂ  Testimony of
the investigating officer corroborated this other evidence.Â  Viewing the evidence in the light most
favorable to the verdict, a rational jury could have found beyond a reasonable
doubt that Appellant possessed a firearm.Â 
See Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Martinez v.
State, 129 S.W.3d 101, 105 (Tex. Crim. App. 2004).Â  We overrule AppellantÂs first issue.

2.Â Â Â  Factual Sufficiency of the Evidence.Â  In AppellantÂs second issue, he contends that
the evidence that he possessed a firearm was factually insufficient.Â  We will overrule AppellantÂs issue.

Â Â Â Â Â  Appellant
points to the following evidence that, he argues, is contrary to the verdict:[2]

Â·Â Â Â Â Â Â Â 
When the
Mexia police officer responded to the initial call, to the bar where Appellant
assaulted the victim, neither Appellant nor the victim was still there.

Â·Â Â Â Â Â Â Â 
When the
officer returned to the bar for follow-up investigation, he did not speak to
anyone who could Âconfirm or denyÂ the victimÂs complaint; he did not speak to
anyone.

Â·Â Â Â Â Â Â Â 
A warrant
was issued for AppellantÂs arrest, and he was later arrested.

Â·Â Â Â Â Â Â Â 
The officer
was not acquainted with Appellant.

Â·Â Â Â Â Â Â Â 
The
Âmedical evidence aloneÂ did not allow the victimÂs doctors to determine the
instrument that caused his injuries any more specifically than to say that it
was a Âblunt object.Â

The
evidence supporting the verdict is stated above.Â  Considering the evidence in a neutral light,
and giving due deference to the juryÂs credibility determinations, the jury was
rationally justified in finding beyond a reasonable doubt that Appellant
possessed a firearm.Â  See Zuniga v. State, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20 (Tex. Crim. App. Apr. 21, 2004); Martinez, 129 S.W.3d at 106.Â  We overrule AppellantÂs second issue.

3.Â Â Â  Discovery.Â  In AppellantÂs third issue, he contends he
was denied due process in that the State did not produce the pistol, which law
enforcement officers never found, for examination by an expert.Â  Appellant does not point to any place in the
record where his complaint is preserved, and thus forfeits the complaint.Â  See
Tex. R. App. P. 33.1(a); Garza v. State, 126 S.W.3d 79, 81-82
(Tex. Crim. App. 2004); Simpson v. State,
119 S.W.3d 262, 267 (Tex. Crim. App. 2003), cert. denied, 124 S.Â Ct. 2837 (2004); cf. Cooks v. State, 844 S.W.2d 697, 737 (Tex. Crim. App. 1992)
(Âwhere the existence ofÂ evidence Âis unknown, the court cannot compel
production thereofÂ).Â  We overrule
AppellantÂs third issue.

4.Â Â Â  Effective Assistance of Counsel.Â  In AppellantÂs fourth issue, he contends that
his trial counsel failed to render the effective assistance of counsel.Â  We will overrule AppellantÂs issue.Â  

Â Â Â Â Â  AppellantÂs
primary complaint is that counsel did not object to evidence of a prior felony
conviction, and did not object to references to that conviction throughout
trial.Â  A prior felony conviction is an
element of the offense of possession of a firearm by a felon.Â  See
Tex. Penal Code Ann.
Â§Â 46.04(a).Â  Evidence thereof was
thus admissible, and references thereto were proper.Â  See
Hollen v. State, 117 S.W.3d 798, 802 (Tex. Crim. App. 2003), cert. denied, 124 S.Â Ct. 2022 (2004).Â 
Not objecting to admissible evidence does not constitute ineffective
assistance.Â  McFarland v. State, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992); Bell v. State, 867 S.W.2d 958, 962 (Tex.
App.ÂWaco 1994, no pet.); see Jackson v.
State, 33 S.W.3d 828, 841 (Tex.
Crim. App. 2000).Â  Appellant also
contends that counsel did not object to references to an extraneous offense in
the Âpenitentiary packetÂ that the State offered to prove the prior conviction.Â  See Tex. Code Crim. Proc. Ann. art. 42.09,
Â§Â 8(b) (Vernon Supp. 2004).Â 
We do not perceive that two obscure references to dates in the
penitentiary packet refer to a later conviction.Â  Appellant also complains that counsel did not
object to the admission, during the punishment phase, of the judgment of
AppellantÂs conviction for aggravated robbery.Â 
The judgment recites, in error, that Appellant Âis guilty of the offense
of AGGRAVATED ASSAULT.ÂÂ  We do not
perceive that counselÂs not objecting on that basis was professionally
unreasonable, or that Appellant suffered any prejudice thereby.Â  See
Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Strickland v. Washington, 466 U.S. 668, 694 (1984); Resendiz v. State, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003), cert. denied, 124 S.Â Ct. 2098 (2004).Â 
We overrule AppellantÂs fourth issue.

Â Â Â Â Â  Having
overruled AppellantÂs issues, we affirm the judgment.

TOM
GRAY

Chief Justice

Before Chief Justice Gray,

Â Â Â Â Â  Justice
Vance, and

Â Â Â Â Â  Justice Reyna

Â Â Â Â Â  (Justice Vance concurring)

Opinion
delivered and filed September 15, 2004

Affirmed

Do
not publish

[CR25]











[1]Â Â Â Â Â Â  In AppellantÂs brief, he states that the
arrest warrant was executed in Austin.Â  Appellant does not point to evidence of this
in the record.





[2]Â Â Â Â Â Â  Appellant also points to evidence from
the punishment phase of trial, which we do not consider in evaluating the
sufficiency of the evidence of his guilt.