# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00681-CR

**Todd Adam Beckford, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT, NO. 94-799-K368, HONORABLE BURT CARNES, JUDGE PRESIDING

Todd Beckford appeals from the revocation of his probation. He contends that the district court erred by finding the State met its burden to prove that it used due diligence in executing its arrest warrant; he contends this error deprived him of due process. Concluding that the State did not bear the burden to prove due diligence in this case, we will affirm the revocation.

This is the second revocation of Beckford's probation for this offense. In accordance with Beckford's December 1995 plea bargain, the court originally sentenced him to two years in state jail for forgery, but deferred adjudication of guilt pending completion of four years of probation. On June 19, 1996, the State moved to revoke his deferred-adjudication probation and the district court issued a warrant for Beckford's arrest. Following his arrest in August 1996, Beckford negotiated the plea bargain underlying the judgment dated September 3, 1996, in which the district court adjudicated

his guilt and assessed punishment at two years, but probated confinement for four years.[1]  The State moved to revoke this second probation on November 22, 1996; on November 25, 1996, the court again issued a warrant for Beckford's arrest.  Almost four years later, on July 13, 2000, Beckford surrendered to the probation department.  The State amended its motion to revoke probation on July 24, 2000, alleging many more violations of the probation conditions that had occurred in the interim.  On August 28, 2000, Beckford filed a motion to dismiss the State's motion to revoke, contending that the State failed to use due diligence in apprehending him after filing its November 1996 motion to revoke probation and the issuance of the arrest warrant.  He also requested that the court discharge him from probation.  The district court revoked his probation on August 30, 2000 and assessed a sentence of two years in state jail.  This revocation was within the term of Beckford's probation.

Beckford contends that the court erred by finding the State met its burden of proof that it used due diligence in executing its arrest warrant.  He relies on *Rodriguez v. State* to establish the procedure to be followed when the defendant asserts the State failed to use due diligence.  In that case, the court of criminal appeals wrote

> In *Prior*, we reaffirmed our rules relating to revocation *after the probationary term has expired.*  We held:
>
> > [A] trial court has jurisdiction to revoke . . . probation imposed pursuant to Art. 42.12, § 3d [V.A.C.C.P.], *after the probationary term has expired*, as long as both a motion alleging a violation of probationary terms is filed and a capias or arrest warrant is issued prior to the expiration of the term, followed by due diligence to apprehend the probationer and to hear and determine the allegations in the motion.  In doing so, we expressly uphold our decision in *Coleman*, 632 S.W.2d 616 . . . .

---

[1]  The length of the probation period initially imposed a five-year period—one year more than Beckford accepted in the plea bargain.  On July 19, 2000, the district court entered a nunc pro tunc order which reduced the probation period to four years in conformity with the plea bargain.

> *Prior*, [795 S.W.2d 179, 184 (Tex. Crim. App. 1990)].

*Rodriguez*, 804 S.W.2d 516, 517 (Tex. Crim. App. 1991) (emphasis added, footnotes omitted). The court states, however, that it is speaking only of post-expiration revocations.[2] Indeed, in the case in which the doctrine originated[3] the court wrote:

> The mere fact that a motion has been filed during the probation term alleging a violation of the conditions of probation will not authorize revocation after such term has expired. Only the court's action authorizing the arrest of the probationer, followed by diligent effort to apprehend and hear and determine the claimed violation, can authorize revocation after the probation term has ended.

*Stover v. State*, 365 S.W.2d 808, 809 (Tex. Crim. App. 1963). The statute governing community supervision provides as follows:

> At any time during the period of community supervision the judge may issue a warrant for violation of any of the conditions of the community supervision and cause the defendant to be arrested. Any supervision officer, police officer or other officer with power of arrest may arrest such defendant with or without a warrant upon the order of the judge to be noted on the docket of the court. A defendant so arrested may be detained in the county jail or other appropriate place of confinement until he can be taken before the judge. Such officer shall forthwith report such arrest and detention to such judge. If the defendant has not been released on bail, on motion by the

---

[2] In *Brecheisen v. State*, the court did not include language limiting the due-diligence defense to post-expiration revocations. *See Brecheisen*, 4 S.W.3d 761, 763 (Tex. Crim. App. 1999). The court in *Brecheisen*, was considering a post-expiration revocation. *Id.* at 763. The cases cited by the court in *Brecheisen* as well as by the parties here regarding the due-diligence requirement are all post-expiration revocations. *See Connolly v. State*, 983 S.W.2d 738, 739 (Tex. Crim. App. 1999); *Harris v. State*, 843 S.W.2d 34, 35 (Tex. Crim. App. 1992); *Rodriguez*, 804 S.W.2d at 517; *Langston v. State*, 808 S.W.2d 553, 554 (Tex. Crim. App. 1990); *Prior v. State*, 795 S.W.2d 179, 179-80 (Tex. Crim. App. 1990); *Guillot v. State*, 543 S.W.2d 650, 651 (Tex. Crim. App. 1976).

[3] Judge Keller remarked that the court in *Stover* created the due-diligence doctrine "out of thin air." *See Connolly v. State*, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999) (Keller, J., concurring).

defendant the judge shall cause the defendant to be brought before the judge for a hearing within 20 days of filing of said motion, and after a hearing without a jury, may either continue, extend, modify, or revoke the community supervision.

Tex. Code Crim. Proc. Ann. art. 42.12, § 21(b) (West Supp. 2001). Though the code requires that the arresting officer *report* the arrest "forthwith," there is no expressed time limit on the execution of the capias or any requirement of diligence. We find no requirement in statutory or case law that the State show due diligence in seeking arrest of a probation violator when the probation is revoked during the period of the probation.

In this case, the court revoked Beckford's probation on August 30, 2000 before the probation period expired in September 2000. The State's due-diligence burden never arose. We need not review whether the State carried a burden it did not bear. Because the court did not err as asserted, the error asserted cannot form the basis of a due-process violation. We overrule both points of error .

We affirm the revocation of Beckford's probation.

_____

_

David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   July 26, 2001

Do Not Publish

4