IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00110-CR

 

The State of Texas,

                                                                      Appellant

 v.

 

doel gene garcia,

                                                                      Appellee

 

 

 



From the County Court at Law

McLennan County, Texas

Trial Court No. 2004-3930-CR1

 



DISSENTING Opinion










 

          For the reasons stated in my
dissenting opinion in State v. Stanley, No. 10-05-00101-CR (Tex.
App.—Waco July 27, 2005, no pet. h.), I dissent.

 

                                                          TOM
GRAY

                                                          Chief
Justice 

 

Dissenting
opinion delivered and filed July 27, 2005






tyle="font-family: 'CG Times', serif">                                                                                                     

          On August 22, 1984, Appellant was convicted of theft and assessed a $10,000 fine and a
five-year probated sentence. He was granted permission to serve his probation in Utah. On June
10, 1985, the State filed a motion to revoke Appellant's probation, alleging that he violated the
terms and conditions of his probation by failing to pay the required fines and probation fees. A
capias for his arrest was issued, and the Robertson County Sheriff's Department received the
capias on the following day, June 11. 
          On March 14, 1989—almost four years after the motion to revoke was filed—the capias
was sent to Salt Lake City, Utah, but the Robertson County Sheriff's Department received no
response. One year later, on March 14, 1990, the capias was sent to two counties in Utah. As
a result, Appellant was finally arrested in Salt Lake City on December 4, 1990, almost sixteen
months after his probationary period had expired. 
          On January 10, 1991, the court held a hearing on the motion to revoke. Appellant appeals
from the judgment revoking his probation. Relying on Rodriguez v. State, 804 S.W.2d 516 (Tex.
Crim. App. 1991), he argues in point one that the State failed to show due diligence in arresting
him after the capias was issued. Because the facts in this case are analogous to those in
Rodriguez, we will follow that decision.
          The perplexing dilemma is, having decided to follow Rodriguez, what do we do now. The
resolution of the dilemma necessarily depends on the effect of the failure to show due diligence:
Did it deprive the court of jurisdiction or was it a failure of proof on the merits? If it robbed the
court of jurisdiction, then the trial court should have dismissed the cause for want of jurisdiction,
and the only action we could take would be do the same. See Kelley v. State, 785 S.W.2d 157
(Tex. Crim. App. 1990); Tex. R. App. P. 80(b), (c). On the other hand, if it was a defect in the
State's proof on the merits, then the motion to revoke Appellant's probation should have been
denied.
          The Court of Criminal Appeals has repeatedly stated:
[A] trial court has jurisdiction to revoke . . . probation . . . after the probationary
term has expired, as long as both a motion alleging a violation of probationary terms is
filed and a capias or arrest warrant is issued prior to the expiration of the term, followed
by due diligence to apprehend the probationer and to hear and determine the allegations
in the motion.

Prior v. State, 795 S.W.2d 179, 184 (Tex. Crim. App. 1990) (emphasis added); see also
Rodriguez, 804 S.W.2d at 517; Langston v. State, 800 S.W.2d 553, 554 (Tex. Crim. App. 1990). 
Before a court has jurisdiction to revoke a defendant's probation once his probationary period
ends, this statement appears to require: (1) a motion to revoke filed prior to the expiration of the
probationary term; (2) a capias or warrant issued before the probationary period expires; (3) due
diligence to apprehend the defendant; and (4) due diligence to hear and determine the allegations
in the motion.
          However, for three reasons, we conclude that the Court of Criminal Appeals only intends
that the first two requirements—both the filing of a motion to revoke and the issuance of a warrant
or capias before the expiration of the probationary period—be jurisdictional. First, the Court of
Criminal Appeals has held that the state only has the burden of showing due diligence if the
defendant raises the issue at the revocation hearing. Langston, 800 S.W.2d at 555. If the due-diligence requirement were jurisdictional, the state would always have the burden of showing due
diligence, and its failure to do so would deprive the court of jurisdiction, even if the defendant
never raised the issue. Rodriguez, 804 S.W.2d at 520 (Teague, J., dissenting). Second,
jurisdiction cannot be waived. Id.; Mercado v. State, 718 S.W.2d 291, 296 (Tex. Crim. App.
1986). Yet, in Prior, the court held that the defendant failed to preserve any complaint for appeal
when he did not raise due diligence at the revocation hearing. Prior, 795 S.W.2d at 185. Finally,
the only action a court without jurisdiction can take is to dismiss for want of jurisdiction. Kelley,
785 S.W.2d at 157. However, in both Rodriguez and Langston, the court reversed the judgments
and remanded the causes for proceedings "consistent with [the] opinion[s]." Rodriguez, 804
S.W.2d at 519; Langston, 800 S.W.2d at 555.
          The actions by the Court of Criminal Appeals in Rodriguez, Langston, and Prior are
clearly inconsistent with treating the due-diligence requirement as jurisdictional. Consequently,
the only way we can harmonize the actions of the Court of Criminal Appeals with the often-quoted
language in Prior—i.e., "[A] trial court has jurisdiction to revoke . . . probation . . . after the
probationary term has expired, as long as both a motion alleging a violation of probationary terms
is filed and a capias or arrest warrant is issued prior to the expiration of the term, followed by due
diligence to apprehend the probationer and to hear and determine the allegations in the motion"—is
to attach great significance to the words "followed by." See Prior, 795 S.W.2d at 184 (emphasis
added). In other words, a court has jurisdiction to revoke probation after the probationary period
expires if (1) a motion to revoke is filed before the term of probation expires and (2) a capias or
warrant is issued prior to the expiration of the probationary period. Once these jurisdictional
requirements have been established, they must be followed by proof from the state by a
preponderance of the evidence that: (1) the defendant violated a term or condition of his probation;
and, if due diligence is raised at the revocation hearing then, (2) due diligence was exercised to
apprehend the defendant and (3) due diligence was exercised to hear the motion to revoke. See
Shaw v. State, 622 S.W.2d 862, 863 (Tex. Crim. App. [Panel Op.] 1981) (holding that the
standard of proof in revocation proceedings is a preponderance of the evidence).
          At the hearing on the motion to revoke, Appellant's counsel stated:
Number one, we are maintaining this Court has no jurisdiction to hear this Motion
to Revoke Probation because even though the Motion to Revoke was filed prior to the
expiration of the probationary period, the capias issued upon the Motion to Revoke
Probation was not served within the period of probation, and according to the file at least
there's been no showing of any diligence in attempting to serve that capias after probation
expired.

(Emphasis added). Appellant did not complain about a lack of due diligence in holding the
revocation hearing. However, because he complained about the lack of due diligence in arresting
him, the State had the burden of proving due diligence to apprehend him. See Langston, 800
S.W.2d at 555. 
          The record clearly reflects that Appellant was given permission to serve his probation in
Utah. In 1984 and 1985, the probation department sent several letters to his Utah address
informing him that his fines and probation fees were delinquent. It received signed "return
receipts." Yet, the State never attempted to explain why the Robertson County Sheriff's
Department received the capias on June 11, 1985, but did not act on it until March 14,
1989—almost four years later—and then waited an additional year before acting again. 
Accordingly, we hold that the State failed to show by a preponderance of the evidence that it used
due diligence to apprehend Appellant.
          This was a failure of proof on the merits and not jurisdictional. Thus, the trial court should
have denied the motion to revoke. We note that in Langston the Court of Criminal Appeals stated
the trial court should dismiss a motion to revoke if due diligence were raised but not proven. See
Langston, 800 S.W.2d at 555. However, dismissing the motion is consistent with treating due
diligence as a jurisdictional element rather than a failure of proof on the merits. Accordingly, we
sustain the first point, reverse the judgment, and render judgment denying the motion to revoke.
          Appellant's second point is that he was denied an effective appeal after his initial theft
conviction because the court refused to appoint an attorney for him. Although he retained an
attorney at trial, he claims that he was indigent after the trial and entitled to appointed counsel on
appeal. Generally, collateral attacks on the original conviction are not permitted when appealing
from the revocation of probation. Whetstone v. State, 786 S.W.2d 361, 363 (Tex. Crim. App.
1990). However, to require a separate habeas corpus proceeding to attack the theft conviction on
the ground that Appellant was denied an effective appeal would be useless. See Ramirez v. State,
486 S.W.2d 373, 374 (Tex. Crim. App. 1972).
          At the revocation hearing Appellant testified that after his theft conviction he orally
requested an appeal. The judgment in the original cause contains the following paragraph:
AND, thereupon, the Court informed [Appellant] that he had a right to appeal his
conviction herein to the Court of Appeals for the State of Texas at this time if he wished
to do so, and if he qualified as indigent and wanted an attorney appointed to represent him
on appeal, one would be appointed, and [Appellant] said then and there in open Court, in
person, that he did not wish to appeal the same, and would waive his ten day waiting
period and his right to file a Motion for New Trial and Notice of Appeal of the conviction
herein and receive his sentence this date.

The language stricken through seems to indicate that the court was at least aware that Appellant
did not intend to waive his right to appeal. 
          On September 10, 1984, eighteen days after his conviction, Appellant filed in the trial court
a pro se "Motion to Appeal." The motion, which was essentially an untimely notice of appeal,
was never forwarded to this court. See Act of May 31, 1981, 67th Leg., R.S., ch. 291, § 127,
1981 Tex. Gen. Laws 814, repealed by, Act of May 27, 1985, 69th Leg., R.S., ch. 685, § 4,
1985 Tex. Gen. Laws 2472-73 (current version at Tex. R. App. P. 40(b)(1)). Because Appellant's
notice of appeal was untimely, we never acquired jurisdiction over the attempted appeal from his
theft conviction. See Shute v. State, 744 S.W.2d 96 (Tex. Crim. App. 1988); Tex. R. App. P.
40(b)(1). On October 9 Appellant also filed in the trial court a pro se "Motion to Extend Appeal." 
The trail court set a hearing on the motion to extend the appeal, but apparently no hearing was
ever held. Appellant testified at the revocation hearing that, although he retained counsel at trial,
he had been unemployed for seven months while in jail. But, approximately one week after being
placed on probation, he was working as a truck driver and making over $1500 a month. He also
claims that he sent the court reporter $500 for the record, that the money was returned, and that
he was informed the court reporter had died.
          Based on the record as a whole, Appellant failed to prove by a preponderance of the
evidence that he was indigent and entitled to counsel on appeal. See Ex parte Rains, 555 S.W.2d
478, 481 (Tex. Crim. App. 1977) (holding that when seeking habeas corpus relief on the ground
that he was indigent and denied assistance on appeal, a petitioner has the burden of showing
indigency by a preponderance of the evidence). Furthermore, Appellant sought and was granted
permission to serve his probation in Utah and, for a period of seven years, took no additional steps
to appeal his theft conviction until his probation was revoked. Point two is overruled.
          The judgment is reversed and we render judgment denying the State's motion to revoke
Appellant's probation.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice
Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and rendered
Opinion delivered and filed December 11, 1991
Publish