Eduardo **GALLEGOS**, Appellant,

v.

**STATE of Texas**, Appellee.

Nos. 04–97–00400–CR, 04–97–00401–CR.

Court of Appeals of Texas,
San Antonio.

March 31, 1998.

Discretionary Review Refused
Sept. 30, 1998.

Hugo D. Martinez, Virginia J. Aranda, Assistant Public Defender, Laredo, for Appellant.

Jose M. Rubio, Jr., Webb County District Attorney, Oscar J. Hale, Assistant District Attorney, Laredo, for Appellee.

Before HARDBERGER, C.J., and LOPEZ and ANGELINI, JJ.

## OPINION

ANGELINI, Justice.

Eduardo Gallegos appeals the revocation of his probation, alleging that the trial court lacked jurisdiction to enter an order revoking his probation after the probationary period had expired. We affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 3, 1995, Eduardo Gallegos pled guilty to two counts of driving while intoxicated. The trial court assessed punishment for the two offenses at 180 days confinement and 120 days confinement, respectively, running concurrently and probated over two years. On February 3, 1997, the State filed a motion to revoke probation, alleging that Gallegos had violated the terms of his probation by testing positive for cocaine and by failing to pay his fine and court costs. The State did not request a capias or an arrest warrant; however, the trial court issued a summons directing Gallegos to appear before the court for a hearing on the State's motion to revoke.

On February 28, 1997, Gallegos appeared before the trial court and answered not true to the State's allegations. The trial court reset the matter for hearing on March 27, 1997. On March 27, Gallegos filed a motion to dismiss the State's motion for want of jurisdiction, alleging that because his probation term ended on March 3, 1997, the trial court no longer had jurisdiction to revoke his probation. On April 3, 1997, the trial court denied Gallegos's motion to dismiss, at which time Gallegos changed his answer to the State's allegations to true. Accordingly, the trial court revoked Gallegos's probation and imposed a sentence of 100 days confinement on each count.

## ARGUMENT AND AUTHORITY

■ In his sole point of error, Gallegos contends that the trial court erred in denying his motion to dismiss the State's motion to revoke his probation because the court lost jurisdiction to consider the State's motion when the probationary term expired. It is well-established that a trial court maintains its jurisdiction to revoke probation after the probationary period has expired if both a motion to revoke was filed and a capias issued before the period expired. *Harris v. State*, 843 S.W.2d 34, 35 (Tex.Crim.App. 1992); *Rodriguez v. State*, 804 S.W.2d 516, 519 (Tex.Crim.App.1991); *Prior v. State*, 795 S.W.2d 179, 184 (Tex.Crim.App.1990); *Coleman v. State*, 632 S.W.2d 616, 618 (Tex.Crim. App.1982). Gallegos acknowledges that the State's motion to revoke his probation was filed prior to the expiration of the probationary period; however, he contends that, because a capias was never issued, the trial court's jurisdiction to revoke his probation was not extended past the original probationary term.

According to precedential mandates, even in a case where a motion to revoke is properly filed before the expiration of the probationary term, the lack of a capias or arrest warrant will ordinarily result in reversal. *See Prior,* 795 S.W.2d at 183 (citing *Stover v. State,* 365 S.W.2d 808, 809 (Tex.Crim.App. 1963)). This case, however, presents a unique set of circumstances in that, although there was no capias, a summons was issued and the defendant appeared in response to the State's motion to revoke before the probationary period expired. The question we must address, then, is whether the issuance of a summons, in lieu of a capias, and the defendant's subsequent appearance is sufficient to extend the trial court's jurisdiction to consider a timely filed motion to revoke past the probationary period. We find that it is.

The purpose of a capias or arrest warrant is to secure the presence of a defendant at a proceeding against him. *See* TEX.CODE CRIM. PROC.ANN. art. 23.01 (Vernon 1989) (stating a capias "is a writ issued by the court or clerk, and directed 'To any peace officer of the State of Texas', commanding him to arrest a person accused of an offense and bring him before that court immediately, or on a day or at a term stated in the writ"); TEX.CODE CRIM.PROC.ANN. art. 15.01 (Vernon 1977) (stating an arrest warrant "is a written order from a magistrate, directed to a peace officer or some other person specially named, commanding him to take the body of the person accused of an offense, to be dealt with according to law"). The law provides that a summons may be substituted for both a capias and an arrest warrant:

> [In felony cases], [u]pon the request of the attorney representing the State a summons instead of a capias shall issue. If a defendant fails to appear in response to the summons a capias shall issue.... The summons shall be in the same form as the capias except that it shall summon the defendant to appear before the proper court at a stated time and place. TEX. CODE CRIM.PROC.ANN. art. 23.03(b) and (c) (Vernon 1989).

> In misdemeanor cases the capias or summons shall issue from a court having jurisdiction of the case. The summons

shall be issued only upon request of the attorney representing the State and shall follow the same form and procedure as in a felony case. TEX.CODE CRIM.PROC.ANN. art. 23.04 (Vernon 1989).

> A summons may be issued in any case where a warrant may be issued, and shall be in the same form as the warrant except that it shall summon the defendant to appear before a magistrate at a stated time and place.... If a defendant fails to appear in response to the summons a warrant shall be issued. TEX.CODE CRIM.PROC. ANN. art. 15.03(b) (Vernon 1977).

A summons will, in most cases, serve the same purpose as a capias or arrest warrant, while sparing the defendant embarrassment and saving the State time, effort, and expense. *See* TEX.CODE CRIM.PROC.ANN. art. 23.04 cmt. (Vernon 1989); TEX.CODE CRIM. PROC.ANN. art. 15.03 cmt. (Vernon 1977). Then, if the defendant fails to respond to a summons, the trial court may issue a capias or a warrant. TEX.CODE CRIM.PROC.ANN. art. 23.03(b) (Vernon 1989); TEX.CODE CRIM.PROC. ANN. art. 15.03(b) (Vernon 1977).

In the present case, upon the filing of the State's motion to revoke, the trial court, in its discretion, issued a summons, instructing Gallegos to appear for a hearing on the State's motion. Gallegos appeared in response to the summons and answered the State's allegations. The case was then continued for approximately one month, at which time the trial court revoked Gallegos's probation. Both Gallegos and the State concede that the trial court's jurisdiction to enter the order of revocation would stand uncontested if the trial court had issued a capias, instead of a summons, in response to the State's motion to revoke. In such a case, the trial court's jurisdiction would have been extended beyond the date of the probationary period because the State's motion was filed and the capias was issued before the probationary period had expired. *See Harris,* 843 S.W.2d at 35.

We find that this rule logically extends to the present case. Both a summons and a capias operate to secure the presence of the defendant, one relies on the defendant's own action and the other relies on the action of a

peace officer. As applied to the facts at hand, the two instruments are effectually indistinguishable. Before the probationary period had expired, the necessary action was taken by the State and by the trial court to give Gallegos notice of the State's allegations and to secure his appearance at the hearing on the State's motion. Accordingly, the trial court retained its jurisdiction to revoke Gallegos's probation beyond the original probationary term. Gallegos's point of error is overruled.

The judgment of the trial court is affirmed.