Stanley Craig **FREEMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–98–00687–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 26, 2000.

Discretionary Review Refused
May 9, 2001.

---

**656**

Charles Freeman, Houston, for appellant.

William Delmore, Houston, for appellee.

Panel consists of Justices
ROBERTSON, SEARS, and LEE.*

**OPINION**

SAM ROBERTSON, Justice.

A jury convicted appellant on the misdemeanor charge of failure to identify, sentenced him to thirty days in jail, and rec-

* Senior Justices SAM ROBERTSON, ROSS A. SEARS, and NORMAN LEE sitting by assign-

ommended the sentence be suspended. The trial court accepted this recommendation, subject to certain other conditions. In three points of error appellant contests the sufficiency of the evidence and the correctness of a jury instruction. We affirm.

The centerpiece of appellant's appeal is the distinction between "warrant" and "capias." He contends the capias outstanding at the time he gave the allegedly false identification does not satisfy the requirement of a "valid arrest warrant" which would render him a "fugitive from justice" as alleged in the information. *See* TEX. PEN.CODE ANN. § 38.02(d) (Vernon 1994). Appellant does not contend that the capias in question was technically flawed.

■ Appellant first asserts this point as a challenge to the sufficiency of the evidence to support his conviction. Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson v. Virginia,* 443 U.S. 307, 315–16, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson,* 443 U.S. at 320, 99 S.Ct. at 2789; *Johnson v. State,* 871 S.W.2d 183, 186 (Tex.Crim.App.1993). The evidence is examined in the light most favorable to the jury's verdict. *Jackson,* 443 U.S. at 320, 99 S.Ct. 2781, 61 L.Ed.2d 560; *Johnson,* 871 S.W.2d at 186.

■ The sufficiency of the evidence is measured against the offense defined by a hypothetically correct jury charge. *Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.

ment.

App.1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restricts the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

Although appellant's second point of error challenges the factual sufficiency of the evidence, his challenge is based on a question of law: whether a capias satisfies the definition of "lawful arrest warrant" under the statute. Since his first point will be dispositive of his second point, we will not consider his second point of error.

■ Failure to identify occurs when an actor 1) intentionally 2) gives a false or fictitious name, address or date of birth 3) to a peace officer 4) who has lawfully arrested or detained the person 5) and the person is a fugitive from justice. A "fugitive from justice" is defined as "a person for whom a valid arrest warrant has been issued." TEX.PEN.CODE ANN. § 38.01(5). When enhanced by an allegation of fugitive status, as here, failure to identify is a Class B misdemeanor. Appellant must argue that the legislature meant to exclude "capias" when it used the term "valid arrest warrant" in the statute.

"Capias" is defined at TEX.CODE CRIM. PROC.ANN. art. 23.01 (Vernon 1967) as a writ issued by a court or clerk, commanding a peace officer to arrest a person accused of an offense and bring him before that court. A capias may be issued in either felony or misdemeanor cases and is employed when bail is forfeited. TEX.CODE CRIM.PROC.ANN. arts. 23.03, 23.04 and 23.05. On the other hand, a "warrant of arrest" (the term used in the Code) is defined as "a written order from a magistrate, directed to a peace officer or some other person specially named, commanding him to take the body of the person accused of an of-

fense, to be dealt with according to law." TEX.CODE CRIM.PROC.ANN. art. 15.01 (Vernon 1977).

■ We reject appellant's proposed reading of the Penal Code, for two distinct reasons. First, while in theory a capias is distinct from a warrant of arrest, and issues under different circumstances, in practice there tends to be some blurring. Capiases are employed on motion to revoke a defendant's community supervision, although the statute calls for use of a warrant. *See, e.g., Connolly v. State,* 983 S.W.2d 738, 739 (Tex.Crim.App.1999); *Gallegos v. State,* 971 S.W.2d 626, 627 (Tex.App.—San Antonio 1998, no pet.). When there is an independent determination of probable cause by a neutral and detached magistrate, the cases note that there is no substantive difference between an arrest warrant and a capias. *Sharp v. State,* 677 S.W.2d 513, 517 (Tex.Crim.App. 1984); *Knox v. State,* 586 S.W.2d 504, 508 (Tex.Crim.App. [Panel Op.] 1979). At least one leading reference work notes no practical distinction between the two. 40 GEORGE E. DIX AND WILLIAM O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 8.14 (2d ed.1995).

■ More importantly, the canons of statutory construction dictate a finding against appellant. These canons command us to avoid interpreting a statute so as to bring about an absurd result. *See Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim. App.1991). We find the intent of the Legislature was to punish those wanted by the law who sought to avoid detection by giving false information. Interpreting the statute to exclude those actors who were wanted only on a capias would be a hypertechnical reading of the law which would thwart the orderly administration of justice and serve no useful purpose.

We therefore find the evidence sufficient to support appellant's conviction. We overrule appellant's first and second points of error. Furthermore, under this interpretation we find the trial court did not err when it instructed the jury that a capias is equivalent to an arrest warrant for purposes of this case.

The judgment of the trial court is affirmed.