NO. 07-12-00048-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 8, 2012

_____

SANJUAN DEMETRIUS BALDWIN
A/K/A ANTHONY COTTON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY;

NO. 1035834D; HONORABLE LOUIS E. STURNS, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Sanjuan Demetrius Baldwin a/k/a Anthony Cotton appeals from the trial court's judgment adjudicating him guilty of aggravated assault with a deadly weapon, revoking his deferred adjudication community supervision, and assessing punishment at five years of imprisonment. Through two issues, appellant argues the trial court erred. We will reverse the trial court's judgment.

## Background

Appellant was charged via a November 2006 indictment with two counts of aggravated assault.[1]  Appellant plead guilty at a hearing on November 28, 2006.  He also plead true to the repeat offender notice.  Pursuant to a plea bargain, the trial court that day placed him on deferred adjudication community supervision for a period of five years.

The clerk's record reflects that the conditions of appellant's community supervision were supplemented more than once. The supplemented conditions included confinement in the Tarrant County jail in 2007 and again in 2010.  After the State filed a petition to proceed to adjudication, the community supervision conditions were supplemented with jail time for a third time in July 2011, and the State dismissed its petition to proceed.

On October 21, 2011, the State filed a second petition to proceed to adjudication, alleging appellant failed to complete two conditions of his community supervision, those being his community service hours and a "Batterer's Intervention" program.

The trial court heard the State's motion on December 9, 2011.  At the outset of the hearing, appellant requested the court to dismiss the State's petition, arguing the trial court lacked jurisdiction because appellant's probationary period had expired and no capias for his arrest had been issued.  The State responded that capias was not issued to "accommodate defendant and Defense counsel."  The prosecutor reminded

---

[1] Tex. Penal Code Ann. § 22.02(a)(2) (West 2012).

2

the trial judge that, based on a request from defense counsel, the court had instructed the clerk not to issue a capias.  The prosecutor further argued, "And the purpose of a capias is to secure his presence here in court to answer to these documents. When he personally appears in court and he's personally allowed to—make out on his own recognizance by the Court, the statute is satisfied."  The trial court agreed that "this was all done in accordance with the discussion" between counsel and the court, and denied the motion to dismiss. The trial court proceeded with the hearing and, after hearing the evidence presented and the arguments by counsel, adjudicated appellant guilty, revoked his deferred adjudication community supervision and assessed punishment as noted.  This appeal followed.

Analysis

In appellant's first point of error, he argues trial court lacked authority to revoke his community supervision in December 2011.  We must agree.

Article 42.12, § 21(e) provides: "A court retains jurisdiction to hold a hearing under Subsection (b) and to revoke, continue, or modify community supervision, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration the attorney representing the state files a motion to revoke, continue, or modify community supervision and a capias is issued for the arrest of the defendant." Tex. Code Crim. Proc. Ann. art. 42.12, § 21(e) (West 2012).

The Court of Criminal Appeals has applied the statute in a straight-forward fashion, requiring that both the motion to revoke and the capias must be issued before the supervision period expires, else the court's authority under § 21(e) expires with the

supervision period. *See Peacock v. State,* 77 S.W.3d 285, 287 (Tex.Crim.App. 2002) (to extend jurisdiction beyond expiration of community supervision, "two things must first occur," motion to revoke must be filed and capias must be issued); *Garza v. State,* 725 S.W.2d 256, 257 (Tex.Crim.App. 1987) (affirming an acquittal where the state's motion to revoke was not file-stamped and there was no capias in the record); *Lynch v. State,* 502 S.W.2d 740, 741 (Tex.Crim.App. 1973) (reversing an order where "no warrant or capias [was] shown to have issued during the term of probation . . . ."). *See also Nesbit v. State,* 227 S.W.3d 64 (Tex.Crim.App. 2007) (discussing expiration of community supervision).

Appellant's five-year term of community supervision began on November 28, 2006 and was not extended. Although the State's second petition to proceed to adjudication was filed on October 21, 2011, well before the expiration of community supervision, the record contains no capias, arrest warrant or summons.[2]

The State contends the court had jurisdiction to act on its petition for adjudication on December 9, for three reasons. First, the State argues appellant voluntarily appeared at the adjudication hearing, so the purpose of a capias was satisfied. The State cites no authority holding that a voluntary appearance supersedes the statutory

---

[2] *See Gallegos v. State,* 971 S.W.2d 626, 627-29 (Tex.App.—San Antonio 1998, pet. ref'd); *Kaiser v. State,* No. 01-96-00300-CR, 1998 Tex.App. LEXIS 1712, at *4 (Tex.App.—Houston [1st Dist.] March 19, 1998, no pet.) (mem. op., not designated for publication) (both holding summons satisfies requirements of statute); Tex. Code Crim. Proc. Ann. art. 15.03, § 3(b) (West 2011) (summons may be issued in any case in which arrest warrant may be issued).

4

requirements for continuation of the court's authority, and we are aware of none. We cannot agree with the proposition. *See Peacock*, 77 S.W.3d at 287.

Second, the State points to a comment made by the trial court while ruling on appellant's motion to dismiss. While apparently reviewing its file concerning the documents filed on and after October 21, 2011, the court in a comment made reference to a note, apparently contained in the court's file, indicating that, in lieu of an arrest warrant, another judge "entered [a] general precept." The State argues such a precept also should suffice to meet the capias requirement of section 21(e) of article 42.12. No precept issued against appellant appears in the record before us, however, and we cannot find the statute satisfied through a comment by the court.

The State thirdly argues appellant should not be permitted to benefit from the request of the court made by his counsel to avoid issuance of an arrest warrant then use the failure to issue the warrant to contend for the expiration of the court's jurisdiction. The State cites *Prystash v. State,* 3 S.W.3d 522, 531 (Tex.Crim.App. 1999), which held "the law of invited error estops a party from making an appellate error of an action it induced." We cannot agree the doctrine applies here. Appellant is not complaining on appeal of the court's failure to issue an arrest warrant. Nor did the failure to issue an arrest warrant on the State's filing of its petition on October 21, alone, cause the court's authority to expire. The issuance of a summons at any time before November 28 would have extended the court's authority.

We conclude the trial court lacked jurisdiction to proceed with an adjudication of appellant's guilt on December 9. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 21(e)

(West 2012); *Pino v. State,* 189 S.W.3d 911 (Tex.App.—Texarkana 2006, pet. ref'd) (court found trial court lacked jurisdiction to proceed with adjudication of guilt when State filed motion to revoke and issued capias one day after term expired). *See also Overstreet v. State,* No. 12-08-00252-CR, 2009 Tex.App. LEXIS 2929, at \*6-7 (Tex.App.—Tyler April 30, 2009, no pet.) (mem. op., not designated for publication) (trial court lacked jurisdiction to adjudicate guilt because, although the State filed application to revoke prior to the expiration of the period of community supervision, capias was not issued for defendant's arrest until after supervision period had expired).

Appellant's first point of error is sustained. Because we conclude appellant's first issue is dispositive, we will not address appellant's second issue. Tex. R. App. P. 47.1.

The trial court's judgment adjudicating guilt is reversed, and the cause is remanded to the trial court for entry of an order discharging appellant from community supervision.

James T. Campbell
Justice

Do not publish.

6