**Juan GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1018–85.**

Court of Criminal Appeals of Texas, En Banc.

March 4, 1987.

Douglas H. Parks, Dallas, for appellant.

Henry Wade, Dist. Atty., Gary A. Moore and Deborah Ellison Farris, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR
DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was indicted on October 20, 1980 for the then felony offense of theft of property valued at more than $200.00 but less than $10,000.00. Upon appellant's plea of guilty and judicial confession to the offense, the trial court deferred further proceedings in the cause, without entering an adjudication of guilt, and entered an order on February 6, 1981, placing appellant on deferred adjudication probation for a period of three years, pursuant to Art. 42.12, § 3d(a), V.A.C.C.P. On June 18, 1984, well after the period of probation had expired, the trial court proceeded to an adjudication of guilt, and sentenced appellant to a term of three years in the Texas Department of Corrections.

On appeal, the Dallas Court of Appeals ruled that the trial court had been without jurisdiction to enter adjudication of guilt after the period of deferred adjudication probation had expired, and remanded the cause for entry of a judgment of acquittal. *Garza v. State*, 695 S.W.2d 726, 729 (Tex.App.—Dallas 1985). We granted the State's petition for discretionary review to examine the contention that this ruling is in conflict with decisions of this Court, particularly the panel opinion in *Coleman v. State*, 632 S.W.2d 616 (Tex.Cr.App.1982).

The court of appeals observed:

"A trial court has jurisdiction to hear a motion and revoke probation after the expiration of the probationary period if the motion to revoke was filed and the capias for arrest issued prior to the expiration of the period. *Coleman v. State*, [supra]; *Guillot v. State*, 543 S.W.2d 650, 652–53 (Tex.Cr.App.1976); *Lynch v. State*, 502 S.W.2d 740, 741 (Tex.Cr.App. 1973); *Pollard v. State* [172 Tex.Cr.R. 39], 353 S.W.2d 449 (Tex.Cr.App.1962). The record does not reflect compliance with either condition. The State's amended motion to proceed with an adjudication of guilt is not file-stamped, and no capias appears in the record." [1]

The State now asserts that the court of appeals erred in disposing of this cause on the basis of an incomplete record, and that full supplementation of the record would show both motion to proceed to adjudication and capias were issued prior to expiration of the deferred probation period. In *Coleman v. State*, supra, where supplementation was allowed by this Court under Art. 40.09, § 7, V.A.C.C.P. to show timely issued motion to proceed to adjudication and capias, it was held the trial court had jurisdiction to proceed to adjudicate guilt after expiration of the deferred adjudication probation.[2] The State now maintains,

1. Actually the record contains a motion to proceed to adjudication filemarked August 7, 1981, and two amended motions to proceed to adjudication, dated August 18, 1981 and April 27, 1983—all alleging grounds upon which the trial court ultimately relied in proceeding to adjudicate, and all filed within the period of deferred adjudication probation. Absent from the record, however, is a capias issued pursuant to any one of those motions to proceed to adjudicate. At least in those cases involving out of time revocation of "regular" probation, a showing was required that both the motion to revoke *and* a capias were issued prior to termination of

the probationary period in order to establish continued jurisdiction to revoke in the trial court. See e.g., *Coffey v. State*, 500 S.W.2d 515 (Tex.Cr.App.1973).

2. The writer is inclined to eschew wholesale and uncritical importation of court-fashioned procedural rules governing revocation of "regular" probation, Art. 42.12, §§ 6 and 8, V.A.C.C.P., into the realm of adjudication proceedings following violations of conditions of "diversionary" probation imposed under § 3d, supra. As this Court has explained, an accused whose guilt has yet to be adjudicated under § 3d(a),

*sans* citation to authority, that in the instant cause the court of appeals "had an obligation to see that the record was supplemented."

■ We note, however, that after the mailing of notice of completion of the record to the parties, the State failed to file written objection to the record within 15 days. Art. 40.09, § 7, supra.[3] Any deficiency in the present record was thus waived. *Lynch v. State*, supra at 741–42 (Opinion on State's motion for rehearing).

Nevertheless, as the State itself reveals in its petition for discretionary review, the court of appeals *did* attempt to secure a complete record for appeal:

> "On December 3, 1984, the State filed a Motion to Supplement the Record in which it requested the Court order the trial court to supplement the record with a copy of the Motion to Proceed with an Adjudication of Guilt filed on October 13, 1983, and the Capias which issued on October 13, 1983. The Court of Appeals granted said Motion to Supplement on December 18, 1984; *however, the trial court never complied with that order.*"

No reason for the trial court's failure to comply with the court of appeals' order to supplement the record appears in the record. The court of appeals opinion was delivered July 17, 1985.

■ In view of the State's failure timely and diligently to act to secure a full and accurate record, and of the trial court's

unexplained failure promptly to supplement the record as ordered, we decline to hold that the court of appeals had "an obligation" to wait for a complete record before disposing of the appeal. Compare present Tex.R.App.Pro. Rule 55(b) ("The appellate court shall permit [the trial court's or party's pre-submission supplemental record] to be filed *unless supplementation will unreasonably delay disposition of the appeal.*").

Therefore, the judgment of the court of appeals is affirmed.

WHITE, J., concurs in the result.

McCORMICK, MILLER and CAMPBELL, JJ., dissent.

---

supra, does not attain the status of one who has been convicted, assessed punishment but imposition of sentence suspended and he is placed on "regular" probation. E.g., *McNew v. State*, 608 S.W.2d 166, 174 (Tex.Cr.App.1980) (Opinion on Appellant's motion for rehearing). Nevertheless, courts and parties continue to mix up quite different concepts and rationales of § 3d(a) "diversionary" probation and § 6 "regular" probation, respectively, and then find themselves trying to make the former fit and follow procedural formalities of the latter. Here, as in *Coleman v. State*, supra, the matter has been treated as if the State were attempting to revoke "regular" probation under § 8(a), supra. The writer would simply point out that, whereas a "regular" probationer will be discharged "[u]pon the satisfactory fulfillment of the conditions of probation, *and* the expiration of the period of probation," Art. 42.12, § 7, V.A.C.C.P., and see *Ex*

*parte Fennell,* 162 Tex.Cr.R. 286, 284 S.W.2d 727 (1955), proceedings against a "diversionary" probationer shall be dismissed *"[o]n expiration of a probationary period* imposed under Subsection (a) of this section, *if the court has not proceeded to adjudication of guilt,"* § 3d(c), supra.

(All emphasis is supplied throughout this opinion unless otherwise indicated.)

3. Furthermore, while a motion to proceed to adjudication of guilt is at least arguably "a material pleading[ ]," the inclusion of which in the record is mandatory under Art. 40.09, § 1, V.A. C.C.P., a capias pursuant to such a motion is clearly *not* a pleading, nor does it *per se* fall into any other category embraced by that provision. Without a warrant or capias in the record, it cannot be said that the trial court had jurisdiction to proceed to adjudication. See n. 1, *ante.*