**Harry Edward SHAHAN, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–87–164–CR.**

Court of Appeals of Texas, Fort Worth.

May 18, 1988.

Office of the Public Defender, Peter Fleury and Charlotte Harris, Wichita Falls, for Shahan.

Reginald R. Wilson and John W. Brasher, Asst. Dist. Attys., Wichita Falls, for the State.

Before FENDER, C.J., and BURDOCK and FARRIS, JJ.

OPINION

FENDER, Chief Justice.

Appellant, Harry Edward Shahan, was convicted in a nonjury trial of a Class B misdemeanor theft by check. *See* TEX. PENAL CODE ANN. sec. 31.06 (Vernon 1974). The court assessed punishment at 180 days confinement in the Wichita County Jail. Appellant's sole point of error on appeal challenges the trial court's jurisdiction to proceed to an adjudication of guilt.

We affirm.

On December 17, 1986, appellant was charged by information for the offense of theft. On December 17, 1986, appellant was placed on six months probation and the court deferred adjudication. June 17, 1987, represents the expiration date of appellant's six-month probationary period. On March 6, 1987, the State filed a motion to proceed to adjudication, revoke probation, and issued a capias. However, the hearing on the motion to revoke probation was held on June 19, 1987, after the probationary period had expired. At such time, the trial court proceeded to adjudicate guilt, revoke appellant's probation, and sentence appellant to 180 days in jail. It is from this judgment that appellant appeals asserting that the trial court did not have jurisdiction to proceed to an adjudication of guilt after the expiration of the probationary period.

TEX. CODE CRIM.PROC.ANN. art. 42.-12, sec. 3d(c) (Vernon Supp.1988) provides:

On expiration of a probationary period imposed under Subsection (a) of this section, if the court has not proceeded to adjudication of guilt, the court shall dismiss the proceedings against the defendant and discharge him.

*Id.*

The motion to adjudicate guilt and revoke probation was filed and the capias was issued prior to the expiration of the probation period. Therefore, the trial court had jurisdiction to hear the motion and revoke the probation, although the period

of probation had expired before the hearing. *See Coleman v. State*, 632 S.W.2d 616, 618 (Tex.Crim.App. [Panel Op.] 1982). In essence, the issuance of a capias combined with the filing of the motion to revoke probation, both occurring prior to the expiration of the probation period, acted to extend the jurisdiction of the trial court.

The Texas Court of Criminal Appeals in *Garza v. State*, 725 S.W.2d 256, 257 (Tex. Crim.App.1987), criticized the holding in *Coleman* for treating the matter as if the State was attempting to revoke a "regular probation" when the matter at hand was revocation of a "diversionary probation." [1] In *Garza*, the trial court proceeded to an adjudication of guilt and revoked appellant's probation after the period of probation had expired. *Id.* at 257. The court of criminal appeals noted that without a warrant or capias in the record, it cannot be said that the trial court had jurisdiction to proceed to adjudication. *Id.* at 258, n. 3. We are to assume the converse of this statement that if a capias was issued then a trial court would have jurisdiction to proceed to adjudication. Accordingly, appellant's sole point of error is overruled.

The lower court's judgment is affirmed.

---

1. *Coleman* did involve a revocation of a diversionary probation. *Coleman*, 632 S.W.2d at 617. However, the two cases *Coleman* relied on in support of its jurisdiction to adjudicate guilt after the expiration of a probationary period, *Strickland v. State*, 523 S.W.2d 250 (Tex.Crim. App.1975) and *Coffey v. State*, 500 S.W.2d 515 (Tex.Crim.App.1973), involved revocation of a regular probation period. *Coleman*, 632 S.W.2d at 618.