NO. 07-00-0527-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 27, 2001



______________________________




LINDA SUSAN PRUNEDA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 33161-A; HONORABLE DAVID GLEASON, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Appellant Linda Susan Pruneda appeals from a judgment revoking her community
supervision and sentencing her to 10 years incarceration. She challenges the trial court's
jurisdiction and authority to act in the absence of proper issuance of capias or warrant for
her arrest. We dismiss for lack of jurisdiction.

 

BACKGROUND


 On January 27, 1995, appellant pled guilty to a charge of Possession of a
Controlled Substance. Honoring a plea agreement between appellant and the State, the
trial court deferred adjudication of guilt, placed appellant on community supervision for 10
years and assessed a fine of $2,000. No appeal was taken.

 On July 10, 1996, a Motion to Proceed with Adjudication was filed by the State. 
Capias for appellant's arrest was issued. The State amended its motion, and the trial court
heard the amended motion on August 25, 1997. Appellant pled true, terms of the
community supervision were amended by order dated December 30, 1997, and
adjudication was not revoked. No appeal was taken.

 On March 20, 1998, the State filed another Motion to Proceed with Adjudication. 
Alias capias was issued and executed. The motion was heard on November 24, 1998. 
By order and judgment dated November 30, 1998, appellant was adjudicated guilty and
punishment assessed at 10 years in the Texas Department of Criminal Justice, Institutional
Division (TDCJ) and a $2,000 fine. No appeal was taken. 

 Pursuant to a motion by appellant and a bench warrant requiring appellant to be
returned from the Gatesville Unit of the TDCJ, a hearing was held on May 21, 1999. On 
May 21, 1999, the trial court entered an order suspending the incarceration portion of
appellant's punishment and ordering "shock probation." The order sentenced appellant
to 10 years in the TDCJ, but suspended the sentence and placed her on community
supervision for 10 years.

 On June 23, 2000, the State filed a Motion to Revoke Community Supervision. 
Alias capias was issued on June 30, 2000, and executed in Potter County. The State
amended its motion, and the amended motion was heard on November 2, 2000. Appellant
pled true to certain of the allegations in the State's motion. The trial court revoked her
community supervision and imposed sentence of 10 years in the TDCJ and a $2,000 fine. 
The order was signed on November 3, 2000. 

 Appellant filed a general notice of appeal from her revocation and sentence
reflected by the order signed November 3, 2000. She amended her notice of appeal on
July 13, 2001, giving notice of appeal from "a revocation of deferred adjudication probation
and subsequent revocation of regular probation" on the basis of a jurisdictional defect for
failure to issue capias or warrant for arrest. A Second Amended Notice of Appeal was filed
on July 17, 2001, with the same substance as the July 13th Amended Notice, except for
correction of appellant's name in the body of the notice. 

 By six issues appellant asserts that the trial court lacked both jurisdiction and
authority to proceed on the State's motions to adjudicate and to revoke her community
supervision because proper issuance and service of an alias capias or warrant for her
arrest was not effected as to each motion. The State's response is threefold: (1) the
record does not support appellant's contentions, factually; (2) the appellate court does not
have jurisdiction to consider appellant's issues 1, 2, 3 and 4; and (3) the trial court had
jurisdiction to hear all the State's motions regardless of the issuance of capias as to the
particular motion in question. 


LAW

 Presentment of an indictment vests the trial court with jurisdiction of a cause. Tex.
Const. art V, § 12; Davis v. State, 956 S.W.2d 555, 557 (Tex.Crim.App. 1997). When a
trial court with jurisdiction places a defendant on community supervision, the trial court's
jurisdiction continues over the defendant and the proceeding during the term of community
supervision. See Tex.Code Crim.Proc.Ann. art. 42.12 §§ 5, 10, 11, 12(c), 17, 21, 22, 23
(Vernon Supp 2001); (1) Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). And,
if a probation revocation hearing is necessary, such a hearing is an extension of the
original sentencing portion of the trial of a defendant, see id., 851 S.W.2d at 874, and
jurisdiction of the trial court continues. 

 In a criminal case, appeal is perfected by timely filing a notice of appeal. Tex. R.
App. P. 25.2(a). (2) A defective attempt to perfect appeal from a conviction fails to invoke the
jurisdiction of the appellate court. See Olivo v. State, 918 S.W.2d 519, 523 
(Tex.Crim.App. 1996). The appellate court then has no jurisdiction over the appeal and
must dismiss the matter. See Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). 
 

 The notice of appeal must be filed within 30 days after the day sentence is imposed
or after the day the trial court enters an appealable order, unless a timely motion for new
trial is filed. TRAP 26.2(a). The notice of appeal must be in writing and must contain the
necessary jurisdictional allegations. See TRAP 25.2(b); State v. Riewe, 13 S.W.3d 408,
410 (Tex.Crim.App. 2000). An untimely notice of appeal or a notice of appeal which does
not conform to jurisdictional requirements or contain jurisdictional assertions will not invoke
the jurisdiction of the court of appeals. See id. at 411, 413-14. If an appeal is not timely
perfected, a court of appeals can take no action other than to dismiss the appeal. See
Slaton, 981 S.W.2d at 210. Tex. R. App. P. 25.2(d) does not permit an appellate court to
grant a motion to amend the notice of appeal if the amendments sought to be made to the
notice of appeal are jurisdictional amendments. See Riewe, 13 S.W.3d at 413-14. Once
jurisdiction is lost, an appellate court lacks the power to invoke any rule to thereafter obtain
jurisdiction. Id. at 413.

ISSUES 1, 2, 3 and 4: ORDER DATED DECEMBER 30, 1997, 

 and JUDGMENT DATED NOVEMBER 30, 1998.

 Appellant's first four issues address whether the trial court had jurisdiction or
authority to hold hearings and enter its order dated December 30, 1997, and judgment
dated November 30, 1998. Appellant urges that failure to issue capias or arrest warrant
following the State's filing of motions to adjudicate deprived the trial court of jurisdiction or
authority to hold hearings and enter orders in the matter. 

 Appellant, however, did not give notice of appeal from either the order or the
judgment until July, 2001, when she amended her notice of appeal. Her general notice of
appeal on November 27, 2000, referenced only the November, 2000, order of revocation. 
By her Amended Notice and Second Amended Notice she referenced revocation of
deferred adjudication probation as well as revocation of her regular probation. The
amended notices did not specifically state that they were directed to the order of December
30, 1997, or the judgment of November 30, 1998. 

 Both the 1997 order and 1998 judgment related to the process by which the trial
court determined to proceed to adjudicate appellant. No appeal may be taken from such
actions. See Article 42.12, § 5(b); Connolly, 983 S.W.2d at 741. Moreover, neither
appellant's original, amended or second amended notice of appeal were timely to invoke
appellate jurisdiction as to the 1997 order or 1998 judgment. See TRAP 26.2. We can
take no action as to the issues challenging the December 30, 1997 order and the
November 30, 1998 judgment other than to dismiss them for lack of jurisdiction. See
Slaton, 981 S.W.2d at 210. Issues 1, 2, 3 and 4 are dismissed for lack of jurisdiction.

 ISSUES 5 and 6: IS ISSUANCE OF A CAPIAS 

OR ARREST WARRANT JURISDICTIONAL

 In asserting the lack of jurisdiction or authority for the trial court to revoke her
probation in November, 2000, appellant references authorities such as Garza v. State, 725
S.W.2d 256 (Tex.Crim.App. 1987), which address factual situations in which trial courts
heard motions to revoke probation after expiration of probationary periods. In addressing
such situations, Garza and other cases cited by appellant consider whether the State filed
its motion to revoke before the probationary period ended and pursued revocation by
requesting and obtaining issuance of capias for arrest before expiration of the probation
period. 

 In the matter before us, the hearing of November 2, 2000, did not take place after
appellant's probation expired. We do not believe that authorities addressing revocation
hearings taking place after expiration of a probationary period are applicable to appellant's
case. But, we need not decide such question because the record in this matter reveals
that an alias capias was issued and executed pursuant to the State's motion to revoke on
which the November 2, 2000 hearing was based. Moreover, appellant's original, timely-filed general Notice of Appeal did not contain assertions which served to invoke our
jurisdiction pursuant to TRAP 25.2(b)(3). Her amended notice stating that the appeal was
for jurisdictional defects was not timely, and we may not grant permission to amend her
notice because our jurisdiction was not invoked by her original notice. See Riewe, 13
S.W.3d at 413-14. We have no jurisdiction except to determine that we have no
jurisdiction, and to dismiss the appeal. 

CONCLUSION


 The appeal is dismissed for lack of jurisdiction. 

 

 Phil Johnson

 Justice



Do not publish.


 


1. Further references to the Code of Criminal Procedure will be by reference to
"Article_." 
2. Further references to the Texas Rules of Appellate Procedure will be by reference
to "TRAP_."


="color: #000000">See also Gates v.
Illinois, 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (noting “that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of a de
novo review. A magistrate’s ‘determination of probable cause should be paid great
deference by reviewing courts’”).
          I would find that the affidavit and photographs gave the magistrate here a
substantial basis to conclude there was a fair probability that drug paraphernalia would be
found at appellant’s residence. See Rodriguez, 232 S.W.3d at 60 (describing probable
cause and standards for review of issuance of warrant). 
          The affidavit told the magistrate that the peace officer affiant knew appellant, and
had been to appellant’s home and was familiar with it; that the photographs depicting the
presence of the device were taken at appellant’s home; that the affiant had “learned”
appellant was married on April 23; that on the date of the affidavit, May 4, the affiant saw
wedding decorations at appellant’s home; and that the photographs had been obtained
from “CVS in Athens, Texas” by search warrant on May 3. 
          The affidavit stated the affiant’s belief that the photographs were taken at appellant’s
wedding reception. Justice Pirtle is correct that the affidavit and photographs do not
demonstrate that the photographs were taken at the wedding reception, or that they were
taken on April 23. But the photographs depict an apparent social gathering of some kind,
and, given the other information presented to the magistrate, I think an inference agreeing
with the officer’s belief that the photographs were taken at the wedding reception was
reasonable.
          Appellant also argues that the magistrate could draw no inference about the date
the photographs were made from the fact they were seized from a photo processor on May
3. He points out that film may be taken to a processor months, if not years, after the
photographs were taken. The argument reflects the kind of second-guessing that is
improper under the standard of review that binds us here. Rodriguez, 232 S.W.3d at 60-61; Davis v. State, 202 S.W.3d 149, 157 (Tex.Crim.App. 2006). See also Brown v. State,
243 S.W.3d 141, 145 (Tex.App.–Eastland 2007, pet. ref’d) citing Gates, 462 U.S. at 235-36
(judicial review must take into account that many warrants are issued on the basis of
nontechnical, common-sense judgments of laymen applying a standard less demanding
than that used in formal legal proceedings). Certainly photos may be processed long after
they were taken, and many of us have delayed having photos processed for months or
years. Many people, however, do not engage in that kind of delay, and I think the
magistrate was entirely free to draw the inference that these photographs were at the
processor because they were recently taken. 
          In my judgment, the magistrate was not required to infer anything to conclude the
mask device appearing in the photographs likely constituted an item of drug paraphernalia. 
That conclusion simply required the magistrate to apply his common sense to the scenes
depicted in the photographs. Appellant is seen in the photographs assisting three different
people with an apparatus similar to a gas or oxygen mask with a pipe attached. Each of
the three people appellant is assisting is wearing the apparatus, its mask covering the
wearer’s nose and mouth. In one photograph, appellant appears to be placing something
in the bowl of the pipe. In another, appellant appears to be lighting the pipe. Further, the
officer’s affidavit stated he had experience and training in drug investigations, and stated
his belief that the apparatus was a form of “marijuana pipe.” The affidavit also described
the apparatus as appearing to be “a device or apparatus designed or adapted to be used
illegally to inhale marijuana.” The affidavit and photographs gave the magistrate ample
basis for a conclusion the apparatus was drug paraphernalia.
          Appellant argues none of the photographs depict him exercising actual care,
custody, control or management of the mask. I disagree. One of photographs shows him
adjusting the straps of the mask around the head of another person, actions that constitute
control of the mask. 
          Further, as depicted in the photographs, the mask device was not a consumable or
perishable item, but one of “enduring utility to its holder.” Swearingen, 143 S.W.3d at 813 
(Cochran, J., dissenting) quoting Andresen v. State, 24 Md.App. 128, 331 A.2d 78, 106
(Md. Ct. Spec. App.1975). The magistrate could infer that its holder would keep it following
its use on the occasion shown in the photographs. Granted, an inference that appellant
was the holder was required. But, again, I think the information given the magistrate
permitted such a reasonable inference. The magistrate was told the device was being
used at appellant’s home. The photographs showed three different people wearing the
mask, but appellant was the common denominator in the photographs, assisting each of
the three people with its use. Of those shown in the photographs, appellant had the most
frequent contact with the device. Case law reminds us that probable cause deals with
probabilities. Rodriguez, 232 S.W.3d at 62. See also Dixon v. State, 206 S.W.3d 613, 619
n.20 (Tex.Crim.App. 2006), citing Gates, 462 U.S. at 231 (“[i]n dealing with probable cause,
as the very name implies, we deal with probabilities”).
          Probable cause cannot be founded on merely conclusory statements of the affiant’s
belief. Rodriguez, 232 S.W.3d at 61. Here, the affidavit and photographs provided the
magistrate substantially more information than such conclusory statements. Considering
the totality of the circumstances presented by the affidavit and its attached photographs,
and given the deference we owe to the magistrate’s determination of probable cause, I
would find the magistrate had a substantial basis for a common-sense conclusion that the
device sought by the warrant probably still could be found at appellant’s residence. See
Rodriguez, 232 S.W.3d at 62 (stating standard). 
          Based on the foregoing, I would affirm the trial court’s judgment. Because the Court
does not, I respectfully dissent.
                                                                           
                                                                           James T. Campbell

                                                                                   Justice





Do not publish.