NO. 07-00-0527-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 27, 2001

_____


LINDA SUSAN PRUNEDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 33161-A; HONORABLE DAVID GLEASON, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant Linda Susan Pruneda appeals from a judgment revoking her community supervision and sentencing her to 10 years incarceration. She challenges the trial court's jurisdiction and authority to act in the absence of proper issuance of capias or warrant for her arrest. We dismiss for lack of jurisdiction.

BACKGROUND

On January 27, 1995, appellant pled guilty to a charge of Possession of a Controlled Substance. Honoring a plea agreement between appellant and the State, the trial court deferred adjudication of guilt, placed appellant on community supervision for 10 years and assessed a fine of $2,000. No appeal was taken.

On July 10, 1996, a Motion to Proceed with Adjudication was filed by the State. Capias for appellant's arrest was issued. The State amended its motion, and the trial court heard the amended motion on August 25, 1997. Appellant pled true, terms of the community supervision were amended by order dated December 30, 1997, and adjudication was not revoked. No appeal was taken.

On March 20, 1998, the State filed another Motion to Proceed with Adjudication. Alias capias was issued and executed. The motion was heard on November 24, 1998. By order and judgment dated November 30, 1998, appellant was adjudicated guilty and punishment assessed at 10 years in the Texas Department of Criminal Justice, Institutional Division (TDCJ) and a $2,000 fine. No appeal was taken.

Pursuant to a motion by appellant and a bench warrant requiring appellant to be returned from the Gatesville Unit of the TDCJ, a hearing was held on May 21, 1999. On May 21, 1999, the trial court entered an order suspending the incarceration portion of appellant's punishment and ordering "shock probation." The order sentenced appellant

2

to 10 years in the TDCJ, but suspended the sentence and placed her on community supervision for 10 years.

On June 23, 2000, the State filed a Motion to Revoke Community Supervision. Alias capias was issued on June 30, 2000, and executed in Potter County. The State amended its motion, and the amended motion was heard on November 2, 2000. Appellant pled true to certain of the allegations in the State's motion. The trial court revoked her community supervision and imposed sentence of 10 years in the TDCJ and a $2,000 fine. The order was signed on November 3, 2000.

Appellant filed a general notice of appeal from her revocation and sentence reflected by the order signed November 3, 2000. She amended her notice of appeal on July 13, 2001, giving notice of appeal from "a revocation of deferred adjudication probation and subsequent revocation of regular probation" on the basis of a jurisdictional defect for failure to issue capias or warrant for arrest. A Second Amended Notice of Appeal was filed on July 17, 2001, with the same substance as the July 13th Amended Notice, except for correction of appellant's name in the body of the notice.

By six issues appellant asserts that the trial court lacked both jurisdiction and authority to proceed on the State's motions to adjudicate and to revoke her community supervision because proper issuance and service of an alias capias or warrant for her arrest was not effected as to each motion. The State's response is threefold: (1) the record does not support appellant's contentions, factually; (2) the appellate court does not

3

have jurisdiction to consider appellant's issues 1, 2, 3 and 4; and (3) the trial court had jurisdiction to hear all the State's motions regardless of the issuance of capias as to the particular motion in question.


LAW


Presentment of an indictment vests the trial court with jurisdiction of a cause. TEX. CONST. art V, § 12; Davis v. State, 956 S.W.2d 555, 557 (Tex.Crim.App. 1997). When a trial court with jurisdiction places a defendant on community supervision, the trial court's jurisdiction continues over the defendant and the proceeding during the term of community supervision. See TEX.CODE CRIM.PROC.ANN. art. 42.12 §§ 5, 10, 11, 12(c), 17, 21, 22, 23 (Vernon Supp 2001);[1] Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). And, if a probation revocation hearing is necessary, such a hearing is an extension of the original sentencing portion of the trial of a defendant, see id., 851 S.W.2d at 874, and jurisdiction of the trial court continues.

In a criminal case, appeal is perfected by timely filing a notice of appeal. TEX. R. APP. P. 25.2(a).[2] A defective attempt to perfect appeal from a conviction fails to invoke the jurisdiction of the appellate court. See Olivo v. State, 918 S.W.2d 519, 523

---

[1]Further references to the Code of Criminal Procedure will be by reference to "Article_."

[2]Further references to the Texas Rules of Appellate Procedure will be by reference to "TRAP_."

4

(Tex.Crim.App. 1996).  The appellate court then has no jurisdiction over the appeal and must dismiss the matter.  See Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

The notice of appeal must be filed within 30 days after the day sentence is imposed or after the day the trial court enters an appealable order, unless a timely motion for new trial is filed.  TRAP 26.2(a).  The notice of appeal must be in writing and must contain the necessary jurisdictional allegations.  See TRAP 25.2(b); State v. Riewe, 13 S.W.3d 408, 410 (Tex.Crim.App. 2000).  An untimely notice of appeal or a notice of appeal which does not conform to jurisdictional requirements or contain jurisdictional assertions will not invoke the jurisdiction of the court of appeals.  See id. at 411, 413-14.  If an appeal is not timely perfected, a court of appeals can take no action other than to dismiss the appeal.  See Slaton, 981 S.W.2d at 210.  TEX. R. APP. P. 25.2(d) does not permit an appellate court to grant a motion to amend the notice of appeal if the amendments sought to be made to the notice of appeal are jurisdictional amendments.  See Riewe, 13 S.W.3d at 413-14.  Once jurisdiction is lost, an appellate court lacks the power to invoke any rule to thereafter obtain jurisdiction.  Id. at 413.

ISSUES 1, 2, 3 and 4: ORDER DATED DECEMBER 30, 1997,
and JUDGMENT DATED NOVEMBER 30, 1998.

Appellant's first four issues address whether the trial court had jurisdiction or authority to hold hearings and enter its order dated December 30, 1997, and judgment

5

dated November 30, 1998. Appellant urges that failure to issue capias or arrest warrant following the State's filing of motions to adjudicate deprived the trial court of jurisdiction or authority to hold hearings and enter orders in the matter.

Appellant, however, did not give notice of appeal from either the order or the judgment until July, 2001, when she amended her notice of appeal. Her general notice of appeal on November 27, 2000, referenced only the November, 2000, order of revocation. By her Amended Notice and Second Amended Notice she referenced revocation of deferred adjudication probation as well as revocation of her regular probation. The amended notices did not specifically state that they were directed to the order of December 30, 1997, or the judgment of November 30, 1998.

Both the 1997 order and 1998 judgment related to the process by which the trial court determined to proceed to adjudicate appellant. No appeal may be taken from such actions. See Article 42.12, § 5(b); Connolly, 983 S.W.2d at 741. Moreover, neither appellant's original, amended or second amended notice of appeal were timely to invoke appellate jurisdiction as to the 1997 order or 1998 judgment. See TRAP 26.2. We can take no action as to the issues challenging the December 30, 1997 order and the November 30, 1998 judgment other than to dismiss them for lack of jurisdiction. See Slaton, 981 S.W.2d at 210. Issues 1, 2, 3 and 4 are dismissed for lack of jurisdiction.

ISSUES 5 and 6: IS ISSUANCE OF A CAPIAS

OR ARREST WARRANT JURISDICTIONAL

6

In asserting the lack of jurisdiction or authority for the trial court to revoke her probation in November, 2000, appellant references authorities such as Garza v. State, 725 S.W.2d 256 (Tex.Crim.App. 1987), which address factual situations in which trial courts heard motions to revoke probation after expiration of probationary periods. In addressing such situations, Garza and other cases cited by appellant consider whether the State filed its motion to revoke before the probationary period ended and pursued revocation by requesting and obtaining issuance of capias for arrest before expiration of the probation period.

In the matter before us, the hearing of November 2, 2000, did not take place after appellant's probation expired. We do not believe that authorities addressing revocation hearings taking place after expiration of a probationary period are applicable to appellant's case. But, we need not decide such question because the record in this matter reveals that an alias capias was issued and executed pursuant to the State's motion to revoke on which the November 2, 2000 hearing was based. Moreover, appellant's original, timely-filed general Notice of Appeal did not contain assertions which served to invoke our jurisdiction pursuant to TRAP 25.2(b)(3). Her amended notice stating that the appeal was for jurisdictional defects was not timely, and we may not grant permission to amend her notice because our jurisdiction was not invoked by her original notice. See Riewe, 13 S.W.3d at 413-14. We have no jurisdiction except to determine that we have no jurisdiction, and to dismiss the appeal.

CONCLUSION

7

The appeal is dismissed for lack of jurisdiction.


Phil Johnson
Justice


Do not publish.