COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-088-CR
 
REBECCA REYNOLDS                                                        
   APPELLANT
V.
THE STATE OF TEXAS                                                        
   STATE
------------
FROM THE 271ST DISTRICT COURT OF WISE COUNTY
------------
MEMORANDUM OPINION
(1)
------------
  
     Appellant Rebecca Reynolds challenges her adjudication
of guilty for theft of services following the alleged violations of her deferred
adjudication community supervision. We affirm.
  
     On September 8, 1995, appellant was indicted for theft
of services in an amount of more than $1,500 but less than $20,000. Appellant
pleaded guilty to the offense pursuant to a plea-bargain agreement on December
4, 1997. The trial court placed appellant on deferred adjudication community
supervision for three years. The State filed four motions to adjudicate
appellant guilty. The first two motions were dismissed on January 4, 2000. The
State filed its motion to adjudicate appellant guilty on June 13, 2000 and a
capias was issued. Appellant's probationary term expired on December 4, 2000. On
July 30, 2001, the State filed its First Amended Motion to Proceed to
Adjudication. Appellant pleaded true to the State's allegations that she had
violated the conditions of her deferred adjudication community supervision. On
November 26, 2001, after a hearing, the trial court adjudicated appellant guilty
of theft of services and sentenced her to two years imprisonment. Appellant
filed a specific notice of appeal raising a jurisdictional issue.
  
     Appellant's court-appointed appellate counsel has filed
a motion to withdraw as counsel and a brief in support of that motion. In the
brief, counsel avers that, in his professional opinion, this appeal is
frivolous. Counsel's brief and motion meet the requirements of Anders v.
California, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a
professional evaluation of the record demonstrating why there are no arguable
grounds for relief.
  
     Once appellant's court-appointed counsel files a motion
to withdraw on the ground that the appeal is frivolous and fulfills the
requirements of Anders, this court is obligated to undertake an
independent examination of the record and to essentially re-brief the case for
appellant to see if there is any arguable ground that may be raised on
appellant's behalf. Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991). Appellant has not filed a pro se response.
  
     The right to appeal from a negotiated plea is limited
by the rules of appellate procedure. See Vidaurri v. State, 49 S.W.3d
880, 882-83 (Tex. Crim. App. 2001); Ex parte Howard, 685 S.W.2d 672,
673 (Tex. Crim. App. 1985). To invoke this court's jurisdiction over an appeal
from a negotiated guilty plea, a notice of appeal must expressly specify that
the appeal is for a jurisdictional defect, specify that the substance of the
appeal was raised in writing and ruled on before trial, or state that the trial
court granted permission to appeal. See Tex. R. App. P. 25.2(b)(3),
948-949 S.W.2d (Tex. Cases) XCVI (1997, amended 2003). A defendant placed on
deferred adjudication may raise issues relating to the original plea proceeding
only in appeals taken when the deferred adjudication is imposed and not after
guilt is adjudicated. Vidaurri, 49 S.W.3d at 884; Manuel v. State,
994 S.W.2d 658, 661 (Tex. Crim. App. 1999). Thus, this court lacks jurisdiction
to address any potential error occurring before and up to appellant's placement
on deferred adjudication community supervision. See Vidaurri, 49 S.W.3d
at 884.
  
     This court may always address fundamental error such as
whether the trial court's judgment is void. See Nix v. State, 65 S.W.3d
664, 667-68 (Tex. Crim. App. 2001). The trial court's order adjudicating
appellant's guilt is not a void judgment even though the appellant's
probationary term had expired before the order was entered. A trial court has
jurisdiction to revoke community supervision after the term of community
supervision has expired if the State filed a motion to revoke before expiration
of the period and a capias or arrest warrant was issued before expiration of the
period. Brecheisen v. State, 4 S.W.3d 761, 763 (Tex. Crim. App. 1999); Shahan
v. State, 750 S.W.2d 381, 382 & n.1 (Tex. App.--Fort Worth 1988), aff'd,
792 S.W.2d 101 (Tex. Crim. App. 1990). An amended motion to revoke filed after
the expiration of the period does not confer jurisdiction on the trial court,
however, and is nullity. Guillot v. State, 543 S.W.2d 650, 653 (Tex.
Crim. App. 1976). Thus, the right of the court to revoke was limited to finding
a violation of the conditions of appellant's community supervision alleged in
the original revocation motion. Id.; Chreene v. State, 691 S.W.2d 748,
750 (Tex. App.--Texarkana 1985, pet. ref'd).
  
     In the Motion to Adjudicate Guilt filed before the
community supervision period expired, the State alleged that appellant had
violated the conditions of her community supervision by failing to report to her
probation officer and to make monthly required payments during February, March,
April, and May 2000 as well as failing to perform any community service since
being placed on deferred adjudication. In its Amended Motion to Proceed to
Adjudication, the State repeated its allegation that appellant failed to report
to her probation officer during the months of February, March, April, and May
2000 and added allegations of other violations that were alleged to have
occurred at dates subsequent to May 2000. In its Order Adjudicating Guilt, the
trial court found as true that appellant had violated the condition that she
report to her probation officer during the months of February, March, April, and
May 2000. A single violation of the conditions of community supervision will
authorize the trial court to adjudicate guilt and impose sentence. Taylor v.
State, 604 S.W.2d 175, 180 (Tex. Crim. App. 1980). Thus, the trial court
had jurisdiction to adjudicate appellant guilty on the basis of the
failure-to-report allegation contained in the timely-filed motion to adjudicate.
  
     This court also retains jurisdiction to determine
whether error occurred during the punishment phase after appellant was
adjudicated guilty. See Vidaurri, 49 S.W.3d at 885. Our review of the
record from punishment yields no reversible error, and the sentence assessed by
the trial court is within the statutorily permissible range. See Tex.
Penal Code Ann. § 12.35(a), 31.04(e)(4) (Vernon 2003). Moreover, there is no
evidence in the record indicating that appellant's trial counsel at punishment
did not provide constitutionally required effective assistance of counsel. See
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).
  
     After independently reviewing the record, we agree with
appellate counsel's determination that any appeal from this case would be
frivolous. Accordingly, we grant appellate counsel's motion to withdraw and
affirm the trial court's judgment.
 
                                                       
   PER CURIAM
 
PANEL F: GARDNER, J.; CAYCE, C.J.;
and WALKER, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 22, 2003

1.  See Tex. R. App. P. 47.4.