REYNOLDS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-088-CR

REBECCA REYNOLDS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 271ST DISTRICT COURT OF WISE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Rebecca Reynolds challenges her adjudication of guilty for theft of services following the alleged violations of her deferred adjudication community supervision.  We affirm.  

On September 8, 1995, appellant was indicted for theft of services in an amount of more than $1,500 but less than $20,000.  Appellant pleaded guilty to the offense pursuant to a plea-bargain agreement on December 4, 1997.  The trial court placed appellant on deferred adjudication community supervision for three years.  The State filed four motions to adjudicate appellant guilty.  The first two motions were dismissed on January 4, 2000.  The State filed its motion to adjudicate appellant guilty on June 13, 2000 and a capias was issued.  Appellant’s probationary term expired on December 4, 2000.  On July 30, 2001, the State filed its First Amended Motion to Proceed to Adjudication.  Appellant pleaded true to the State’s allegations that she had violated the conditions of her deferred adjudication community supervision.  On November 26, 2001, after a hearing, the trial court adjudicated appellant guilty of theft of services and sentenced her to two years imprisonment.  Appellant filed a specific notice of appeal raising a jurisdictional issue.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California, 
386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 

Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders, 
this court is obligated to undertake an independent examination of the record and to essentially re-brief the case for appellant to see if there is any arguable ground that may be raised on appellant’s behalf.  
Stafford v. State, 
813 S.W.2d  503, 511 (Tex. Crim. App. 1991).  Appellant has not filed a pro se response.

The right to appeal from a negotiated plea is limited by the rules of appellate procedure.  
See Vidaurri v. State, 
49 S.W.3d 880, 882-83 (Tex. Crim. App. 2001); 
Ex parte Howard, 
685 S.W.2d 672, 673 (Tex. Crim. App. 1985).  To invoke this court’s jurisdiction over an appeal from a negotiated guilty plea, a notice of appeal must expressly specify that the appeal is for a jurisdictional defect, specify that the substance of the appeal was raised in writing and ruled on before trial, or state that the trial court granted permission to appeal.  
See 
 
Tex. R. App. P.
 25.2(b)(3), 948-949 S.W.2d (Tex. Cases) XCVI (1997, amended  2003).  A defendant placed on deferred adjudication may raise issues relating to the original plea proceeding only in appeals taken when the deferred adjudication is imposed and not after guilt is adjudicated.  
Vidaurri, 
49 S.W.3d at 884; 
Manuel v. State, 
994 S.W.2d 658, 661 (Tex. Crim. App. 1999).  Thus, this court lacks jurisdiction to address any potential error occurring before and up to appellant’s placement on deferred adjudication community supervision.  
See Vidaurri, 
49 S.W.3d at 884.

This court may always address fundamental error such as whether the trial court’s judgment is void.  
See Nix v. State, 
65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001).  The trial court’s order adjudicating appellant’s guilt is not a void judgment even though the appellant’s probationary term had expired before the order was entered.  A trial court has jurisdiction to revoke community supervision after the term of community supervision has expired if the State filed a motion to revoke before expiration of the period and a capias or arrest warrant was issued before expiration of the period.  
Brecheisen v. State, 
4 S.W.3d 761, 763 (Tex. Crim. App. 1999); 
Shahan v. State, 
750 S.W.2d 381, 382 & n.1 (Tex. App.—Fort Worth 1988), 
aff’d
, 792 S.W.2d 101 (Tex. Crim. App. 1990).  An amended motion to revoke filed after the expiration of the period does not confer jurisdiction on the trial court, however, and is nullity.  
Guillot v. State, 
543 S.W.2d 650, 653 (Tex. Crim. App. 1976).  Thus, the right of the court to revoke was limited to finding a violation of the conditions of appellant’s community supervision alleged in the original revocation motion.  
Id.; Chreene v. State, 
691 S.W.2d 748, 750 (Tex. App.—Texarkana 1985, pet. ref’d).  

In the Motion to Adjudicate Guilt filed before the community supervision period expired, the State alleged that appellant had violated the conditions of her community supervision by failing to report to her probation officer and to make monthly required payments during February, March, April, and May 2000 as well as failing to perform any community service since being placed on deferred adjudication.  In its Amended Motion to Proceed to Adjudication, the State repeated its allegation that appellant failed to report to her probation officer during the months of February, March, April, and May 2000 and added allegations of other violations that were alleged to have occurred at dates subsequent to May 2000.  In its Order Adjudicating Guilt, the trial court found as true that appellant had violated the condition that she report to her probation officer during the months of February, March, April, and May 2000.  A single violation of the conditions of community supervision will authorize the trial court to adjudicate guilt and impose sentence.  
Taylor v. State, 
604 S.W.2d 175, 180 (Tex. Crim. App. 1980).  Thus, the trial court had jurisdiction to adjudicate appellant guilty on the basis of the failure-to-report allegation contained in the timely-filed motion to adjudicate.   

This court also retains jurisdiction to determine whether error occurred during the punishment phase after appellant was adjudicated guilty.  
See Vidaurri, 
49 S.W.3d at
 885.  Our review of the record from punishment yields no reversible error, and the sentence assessed by the trial court is within the statutorily permissible range.  
See 
Tex. Penal Code Ann.
 § 12.35(a), 31.04(e)(4) (Vernon 2003).  Moreover, there is no evidence in the record indicating that appellant’s trial counsel at punishment did not provide constitutionally required effective assistance of counsel.  
See Strickland v. Washington, 
466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

After independently reviewing the record, we agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.
 
  

PER CURIAM

PANEL F: GARDNER, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: May 22, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.