NO. 07-07-0162-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 20, 2008
______________________________

ALFRED WILLIAM WARD, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

v.

THE STATE OF TEXAS, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
_________________________________

FROM THE 31ST DISTRICT COURT OF LIPSCOMB COUNTY;

NO. 1090; HON. STEVEN EMMERT, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â Alfred William Ward (appellant) appeals from a final judgment revoking his
probation. Through a single issue, he contends that the trial court abused its discretion in
purportedly reinstating, sua sponte, the motion to revoke probation that it had previously
dismissed per the Stateâs request. Not only did the court exceed its authority in reinstating
the matter, but its doing so effectively denied him due process since he lacked notice of
the allegations in the reinstated motion, he concludes. We affirm.
Â Â Â Â Â Â Â Â Â Â Appellant was charged with and pled guilty to burglary of a habitation with intent to
commit assault. Per a plea agreement, he was sentenced to ten years in prison. The
sentence was suspended, and the trial court placed him on probation for seven years. 
Subsequently, the State sought to revoke that probation. It then moved to dismiss its
motion, and the trial court granted that request. Later the same day, however, the trial
court withdrew its dismissal order and reinstated the Stateâs motion to revoke. At the
revocation hearing, appellant pled true to all of the allegations in the motion. Thereafter,
the trial court revoked appellantâs probation and sentenced him to five years in prison. 
Â Â Â Â Â Â Â Â Â Â Appellant now contends that the trial court erred in reinstating the motion to revoke
and withdrawing its prior order dismissing the Stateâs motion. We note that the State did
not object to the trial courtâs decision to reinstate the motion. Nor did the allegations in the
reinstated motion change from those initially averred. More importantly, the appellant
never objected (of record) to the order reinstating the motion, to the prosecution of the
motion once it was reinstated, or to the revocation hearing. Nor did appellant claim
surprise or request a continuance at the hearing; indeed, he even waived reading of the
motion to revoke. 
Â Â Â Â Â Â Â Â Â Â In sum, none of the complaints before us have been preserved for review. See
Hardeman v. State, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999); Liggett v. State, 998
S.W.2d 733, 736 (Tex. App.âBeaumont 1999, no pet.). Accordingly, we overrule his sole
issue. 
Â Â Â Â Â Â Â Â Â Â The judgment revoking probation is affirmed.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Do not publish.



eal or a notice of appeal which does
not conform to jurisdictional requirements or contain jurisdictional assertions will not invoke
the jurisdiction of the court of appeals. See id. at 411, 413-14. If an appeal is not timely
perfected, a court of appeals can take no action other than to dismiss the appeal. See
Slaton, 981 S.W.2d at 210. Tex. R. App. P. 25.2(d) does not permit an appellate court to
grant a motion to amend the notice of appeal if the amendments sought to be made to the
notice of appeal are jurisdictional amendments. See Riewe, 13 S.W.3d at 413-14. Once
jurisdiction is lost, an appellate court lacks the power to invoke any rule to thereafter obtain
jurisdiction. Id. at 413.

ISSUES 1, 2, 3 and 4: ORDER DATED DECEMBER 30, 1997, 

 and JUDGMENT DATED NOVEMBER 30, 1998.

 Appellant's first four issues address whether the trial court had jurisdiction or
authority to hold hearings and enter its order dated December 30, 1997, and judgment
dated November 30, 1998. Appellant urges that failure to issue capias or arrest warrant
following the State's filing of motions to adjudicate deprived the trial court of jurisdiction or
authority to hold hearings and enter orders in the matter. 

 Appellant, however, did not give notice of appeal from either the order or the
judgment until July, 2001, when she amended her notice of appeal. Her general notice of
appeal on November 27, 2000, referenced only the November, 2000, order of revocation. 
By her Amended Notice and Second Amended Notice she referenced revocation of
deferred adjudication probation as well as revocation of her regular probation. The
amended notices did not specifically state that they were directed to the order of December
30, 1997, or the judgment of November 30, 1998. 

 Both the 1997 order and 1998 judgment related to the process by which the trial
court determined to proceed to adjudicate appellant. No appeal may be taken from such
actions. See Article 42.12, § 5(b); Connolly, 983 S.W.2d at 741. Moreover, neither
appellant's original, amended or second amended notice of appeal were timely to invoke
appellate jurisdiction as to the 1997 order or 1998 judgment. See TRAP 26.2. We can
take no action as to the issues challenging the December 30, 1997 order and the
November 30, 1998 judgment other than to dismiss them for lack of jurisdiction. See
Slaton, 981 S.W.2d at 210. Issues 1, 2, 3 and 4 are dismissed for lack of jurisdiction.

 ISSUES 5 and 6: IS ISSUANCE OF A CAPIAS 

OR ARREST WARRANT JURISDICTIONAL

 In asserting the lack of jurisdiction or authority for the trial court to revoke her
probation in November, 2000, appellant references authorities such as Garza v. State, 725
S.W.2d 256 (Tex.Crim.App. 1987), which address factual situations in which trial courts
heard motions to revoke probation after expiration of probationary periods. In addressing
such situations, Garza and other cases cited by appellant consider whether the State filed
its motion to revoke before the probationary period ended and pursued revocation by
requesting and obtaining issuance of capias for arrest before expiration of the probation
period. 

 In the matter before us, the hearing of November 2, 2000, did not take place after
appellant's probation expired. We do not believe that authorities addressing revocation
hearings taking place after expiration of a probationary period are applicable to appellant's
case. But, we need not decide such question because the record in this matter reveals
that an alias capias was issued and executed pursuant to the State's motion to revoke on
which the November 2, 2000 hearing was based. Moreover, appellant's original, timely-filed general Notice of Appeal did not contain assertions which served to invoke our
jurisdiction pursuant to TRAP 25.2(b)(3). Her amended notice stating that the appeal was
for jurisdictional defects was not timely, and we may not grant permission to amend her
notice because our jurisdiction was not invoked by her original notice. See Riewe, 13
S.W.3d at 413-14. We have no jurisdiction except to determine that we have no
jurisdiction, and to dismiss the appeal. 

CONCLUSION


 The appeal is dismissed for lack of jurisdiction. 

 

 Phil Johnson

 Justice



Do not publish.


 


1. Further references to the Code of Criminal Procedure will be by reference to
"Article_." 
2. Further references to the Texas Rules of Appellate Procedure will be by reference
to "TRAP_."