

# NUMBERS 13-11-00628-CR & 13-11-00629-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

EDWARD ERIC WEEKS,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                              Appellee.

## On appeal from the 252nd District Court
## of Jefferson County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion by Justice Benavides**

Appellant Edward Eric Weeks appeals the revocation of his community

supervision, contending the trial court had no jurisdiction to revoke his community

supervision in a felony theft case when it failed to timely issue a capias for him.[1]   We reverse, in part, and affirm, in part.

## I. BACKGROUND

A grand jury in Jefferson County, Texas[2] indicted Weeks on a charge of burglary of a habitation, a second-degree felony, on December 13, 2007.   *See* TEX. PEN. CODE ANN. § 30.02(a)(3), (c)(2) (West 2011).   One month later, Weeks was also indicted for the offense of felony theft, a state-jail felony, on January 17, 2008.   *See id.* § 31.03 (West 2011).   Weeks entered a plea of guilty for both offenses in exchange for a plea-bargain agreement where the trial court deferred the adjudication of guilt, placed him on community supervision for three years, and assessed various fines on February 25, 2008.

On January 8, 2009, Weeks's community supervision terms were amended because he moved to San Patricio County.   His community supervision term was extended for two more years until April 30, 2011 on the burglary of a habitation case. For unexplained reasons, his community supervision term was not extended in the felony theft case.

---

[1] We note that Weeks's prior counsel filed an *Anders* brief in this case.   *See Anders v. California,* 386 U.S. 738, 741–42 (1967) (holding that "if counsel appointed to represent one seeking leave to appeal in forma pauperis . . . is convinced, after conscientious investigation, that the appeal is frivolous, he may ask to withdraw on that account, and if the court is satisfied that counsel has diligently investigated the possible ground of appeal, and agrees with counsel's evaluation of the case, then it may allow leave to withdraw and deny leave to appeal.").   Weeks's new counsel requested that the *Anders* brief be stricken and that we substitute his appellate brief in its place.   We granted this motion on March 30, 2012.   We therefore do not address the *Anders* brief on appeal.

[2] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

On May 27, 2009, the State filed a Motion to Revoke Unadjudicated Probation in both underlying cases, alleging Weeks violated five separate provisions of the terms of his community supervision. These violations included: (1) committing an offense against the laws of Texas; (2) failing to perform eight-hundred (800) hours of community service restitution; (3) failing to participate in a G.E.D. program; (4) not paying restitution; and (5) not paying assessed fines. The trial court issued a capias for Weeks's arrest in the burglary of a habitation case but not for the felony theft case.

Weeks pleaded true to the first violation, for committing an aggravated robbery in San Patricio County, Texas. *See id.* § 29.03 (West 2011). The plea of true was taken on August 29, 2011. The trial court adjudicated Weeks guilty of the underlying felony theft charge and sentenced him to jail for two years. It also adjudicated Weeks guilty in the underlying burglary of a habitation offense and sentenced him to twenty years. It further ordered his sentence to run consecutive to his sentence in the San Patricio County robbery case. This appeal ensued.

## II.    DISCUSSION

Texas Code of Criminal Procedure article 42.12, Section 5 establishes the procedures regarding deferred adjudication community supervision.

> A court retains jurisdiction to hold a hearing under Subsection (b) and to proceed with an adjudication of guilt, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration the attorney representing the state files a motion to proceed with the adjudication and a capias is issued for the arrest of the defendant.

*See* TEX. CODE CRIM. PROC. ANN. art. 42.12(h) (West 2006).

3

Weeks argues that the trial court did not have jurisdiction to revoke his community supervision in the felony theft case. He contends that he was placed on community supervision on February 25, 2008 for three years. Therefore, the court's jurisdiction of him expired on February 24, 2011, when his community supervision period terminated. Although the State filed a motion to revoke his community supervision on May 27, 2009, during his community supervision period, the trial court never issued a capias on this matter. Thus, Weeks argues, his adjudication for felony theft on August 29, 2011 took place outside the three-year period of the court's jurisdiction.

Weeks acknowledges, though, that a capias for the offense of burglary of a habitation was issued on May 27, 2009. Because his community supervision period for that offense was extended to April 30, 2011, this capias was timely. He does not challenge this sentence on appeal.

The Texas Court of Criminal Appeals has clearly stated that both the motion to revoke and the capias must be issued before the supervision period expires. *See Garza v. State,* 725 S.W.2d 256, 257 (Tex. Crim. App. 1987) (affirming an acquittal where the state's motion to revoke was not file-stamped and there was no capias in the record); *Lynch v. State*, 502 S.W.2d 740, 741 (Tex. Crim. App. 1973) (reversing an order where "no warrant or capias [was] shown to have issued during the term of probation . . . ."); *Bryant v. State*, 496 S.W.2d 565, 566 (Tex. Crim. App. 1973) (concluding that a revocation hearing was proper because "both the motion to revoke and capias were issued before the probationary period expired").

The question for this Court, therefore, is whether the capias issued in the burglary of a habitation case qualifies as a capias issued for the felony theft charge. We hold that it does not. The capias issued specifically states that law enforcement officers were "commanded to arrest [Weeks] . . . to answer the State of Texas upon an indictment . . . charging him with the offense of: Burglary – Habitation (MTRP)." The felony theft charge is not mentioned. Texas law requires that a capias have the following elements:

(1)     That it run in the name of "The State of Texas";

(2)     That it name the person whose arrest is ordered . . . ;

(3)     *That it specify the offense of which the defendant is accused*, and it appear thereby that he is accused of some offense against the penal laws of the State;

(4)     That it name the court to which and the time when it is returnable; and

(5)     That it be dated and attested officially by the authority issuing the same.

TEX. CODE CRIM. PROC. ANN. art. 23.02 (West 2009) (emphasis added). Here, the capias did not mention the felony theft charge whatsoever. Therefore, it would be improper for this capias to constitute an arrest warrant for the felony theft charge for the purposes of code of criminal procedure article 42.12(h).

Further, we are not persuaded by the State's argument that the capias was intended to arrest Weeks for both underlying charges because it was issued on the same day the motion to revoke was filed—May 27, 2009. A capias, as mentioned before, should "specify the offense of which the defendant is accused." *Id.* In this case, the

offense specified was the burglary of a habitation offense, not the felony theft.

Because no capias was issued in the felony theft case prior to the time Weeks's community supervision expired, we hold that the trial court had no jurisdiction to adjudicate the felony theft case.   We sustain Weeks's sole issue.[3]

### III.   CONCLUSION

We reverse the judgment sentencing Weeks to two years in state jail for felony theft.   Weeks's twenty-year sentence for burglary of a habitation is affirmed.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
26th day of July, 2012.

---

[3]  Any pending motions in this case are hereby dismissed as moot.